IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ROSA MAE PRITCHETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO.: |
| ) | 3:15-cv-197-TCB-RGV |
| EQUIFAX INFORMATION SYSTEMS, ) | |
| LLC; WAREHOUSE HOME ) | |
| FURNISHINGS DISTRIBUTORS, INC. ) | |
| d/b/a FARMERS FURNITURE; SEVENTH ) | |
| AVENUE, INC.; and PAUL MASON AND ) | |
| ASSOCIATES, INC. d/b/a CREDITORS ) | |
| BANKRUPTCY SERVICE, ) | |
| ) | |
| Defendants. ) | |

### AMENDED ANSWER OF DEFENDANT PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE

COMES NOW defendant PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE ("this Defendant") and files this Amended Answer to plaintiff's complaint, respectfully showing the Court the following:

### First Defense

Plaintiff Rosa Mae Pritchett is a serial bankruptcy filer who has filed at least three (3) Chapter 13 bankruptcy cases, Case Nos. 10-10166-whd, 12-11364-whd, and 15-12246-whd. The cases were filed without proper notice to this Defendant,

and consequently, there has been "insufficient notice" to this Defendant of the "serial filings" by plaintiff. Plaintiff's second bankruptcy case, Case No. 12-11364, was not disclosed on the original petition filed for case no. 15-12246-whd as required by B1 (Official Form 1), indicating a lack of good faith in violation of 11 U.S.C. §§ 1325(a)(3) and 1325(a)(7). Plaintiff's current counsel, Matthew T. Berry, should have been aware of Plaintiff's second bankruptcy case, Case No. 12-11364-whd, because he was counsel in that second case. Had Plaintiff properly disclosed her previous case as required by the official bankruptcy form, this Defendant would have had sufficient notice of the previous case and would not have filed the subject proof of claim. Neither Plaintiff nor her attorney amended her petition in bankruptcy case 15-12246-whd to give notice of the previous bankruptcy filing until December 14, 2015, after this Defendant had filed the subject proof of claim, and only after the Chapter 13 Trustee filed a motion to dismiss the plaintiff's bankruptcy case, based in part on the failure to disclose the previous bankruptcy. Nor, according to Plaintiff's certificate of service, did Plaintiff or her attorney serve the amended petition and schedules on this Defendant. Immediately after learning of the amended petition, which contained notice of the prior bankruptcy case, and determining there had been a discharge of its claim, this Defendant withdrew the subject proof of claim it had filed on behalf of Defendant Seventh Avenue, Inc. ("Defendant Seventh").

## Second Defense

Plaintiff's complaint is barred by the doctrine of unclean hands.

## Third Defense

Plaintiff's complaint fails to state a claim upon which relief may be granted against this Defendant.

## Fourth Defense

This Defendant has no liability to plaintiff pursuant to the Fair Debt Collection Practices Act under any theory of recovery whatsoever and this Defendant has acted in compliance with said Act.

## Fifth Defense

This Defendant has no liability to plaintiff pursuant to Title 11 of the United States Code under any theory of recovery whatsoever.

## Sixth Defense

This Defendant denies it is a proper party to this action.

## Seventh Defense

This Defendant, or anyone for whom this Defendant could be held liable, has not been guilty of any negligence, fault, or other wrongful conduct, and, therefore, this Defendant has no liability to plaintiff.

### Eighth Defense

Any acts or omissions of this Defendant, or anyone for whom this Defendant could be held liable, were not the proximate cause of any alleged damages to plaintiff, and this Defendant therefore has no liability to plaintiff.

### Ninth Defense

Any injuries, losses and damages which may have been sustained by plaintiff, as alleged in the complaint, resulted from the acts or omissions of persons, firms, or corporations other than this defendant and for whom this Defendant is not liable.

### Tenth Defense

This Defendant has acted in good faith at all times in its dealings with plaintiff and has not engaged in any intentional or willful misconduct nor has it acted with malice or reckless indifference.

### Eleventh Defense

This Defendant has not violated the bankruptcy discharge injunction and, therefore, any such claims are barred.

### Twelfth Defense

Plaintiff can show no damages caused by any act or omission on the part of this defendant.

### Thirteenth Defense

Plaintiff's complaint is barred by the doctrine of waiver.

### Fourteenth Defense

Plaintiff's complaint is barred by the doctrine of estoppel.

### Fifteenth Defense

Discovery has not yet taken place and, as there may be facts that give rise to defenses of which this Defendant currently is unaware, this Defendant reserves the right to amend assert additional affirmative defenses as provided in, *inter alia*, Fed.R.Civ.P. Rules 8(c) and 12, or any other applicable law, rule, or statute.

### Sixteenth Defense

Plaintiff's claims for damages against this Defendant are barred in whole or in part by plaintiff's failure to mitigate their damages.

### Seventeenth Defense

This Defendant further responds to the numbered paragraphs of plaintiff's amended complaint as follows:

### PRELIMINARY STATEMENT

The preliminary statements does not contain any allegations of fact to which a response is required, but rather, are legal conclusions and/or a summary of

plaintiff's legal theories. To the extent the preliminary statement of plaintiff's complaint makes any factual allegations, they are denied.

## **PARTIES**

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1 of plaintiff's complaint and can neither admit nor deny same.

2.-3.

Paragraph nos. 2 and 3 of plaintiff's complaint contain legal conclusions to which no response is required. To the extent a response to paragraph nos. 2 and 3 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph nos. 2 and 3 of plaintiff's complaint.

4.-9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 4, 5, 6, 7, 8, and 9 of plaintiff's complaint and can neither admit nor deny same.

10.

This Defendant admits that it does business in Georgia. Except as specifically admitted herein, paragraph no. 10 of plaintiff's complaint is denied.

11.

Paragraph no. 11 of plaintiff's complaint contains legal conclusions to which no response is required. To the extent a response to paragraph no. 11 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 11 of plaintiff's complaint.

**JURISDICTION AND VENUE**

12.-13.

Paragraph nos. 12 and 13 of plaintiff's complaint contain legal conclusions to which no response is required. To the extent a response to paragraph nos. 12 and 13 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph nos. 12 and 13 of plaintiff's complaint.

**FACTUAL ALLEGATIONS**

14.

Paragraph no. 14 of plaintiff's complaint is admitted.

15.

Responding to paragraph no. 15 of plaintiff's complaint, this Defendant admits that it filed a proof of claim on behalf of Seventh Avenue on or about June 8, 2012. Further, this Defendant states that said Proof of Claim speaks for itself,

and denies any mischaracterization thereof. Except as specifically admitted herein, paragraph no. 15 of plaintiff's complaint is denied.

16.

Responding to paragraph no. 16 of plaintiff's complaint, this Defendant admits that the confirmed bankruptcy plan speaks for itself, and denies any mischaracterization thereof. This Defendant admits that Defendant Seventh received partial payment of $104.64 on account of its claim. Except as specifically admitted herein, paragraph no. 16 of plaintiff's complaint is denied.

17.-18.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 17 and 18 of plaintiff's complaint and can neither admit nor deny same.

19.-21.

Responding to paragraph nos. 19, 20, and 21, of plaintiff's complaint, this Defendant admits that the bankruptcy discharge order and certificate of service speak for themselves and denies any mischaracterization thereof. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nos. 19, 20, and 21 of plaintiff's complaint and can neither admit nor deny the same.

22.

Paragraph no. 22 is admitted.

23.

Responding to paragraph no. 23 of plaintiff's complaint, this Defendant admits that it filed a proof of claim on behalf of Defendant Seventh and further admits that it withdrew said proof of claim. Except as specifically admitted herein, paragraph no. 23 of plaintiff's complaint is denied.

24.

Paragraph no. 24 of plaintiff's complaint contains legal conclusions to which no response is required. To the extent a response to paragraph no. 24 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 24 of plaintiff's complaint.

25.-36.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of plaintiff's complaint and can neither admit nor deny same

37.-42.

Paragraph nos. 37, 38, 39, 40, 41, and 42 of plaintiff's complaint contain legal conclusions to which no response is required. To the extent a response to paragraph

nos. 37, 38, 39, 40, 41, and 42 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph nos. 37, 38, 39, 40, 41, and 42 of plaintiff's complaint.

43.-44.

Paragraph nos. 43 and 44 of plaintiff's complaint are denied.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 45 of plaintiff's complaint and can neither admit nor deny same.

46.

Paragraph no. 46 of plaintiff's complaint is denied.

47.-50.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 47, 48, 49, and 50 of plaintiff's complaint and can neither admit nor deny same.

51.-54.

Paragraph nos. 51, 52, 53, and 54 of plaintiff's complaint are denied.

## TRIAL BY JURY

55.

Paragraph no. 55 of plaintiff's complaint contains legal conclusions to which no response is required. To the extent a response to paragraph no. 55 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 55 of plaintiff's complaint.

## CAUSES OF ACTION

### COUNT I

56.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 55 above as if fully set forth verbatim herein.

57.-61.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 57, 58, 59, 60, and 61 of plaintiff's complaint and can neither admit nor deny same.

### COUNT II

62.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 61 above as if fully set forth verbatim herein.

63.-66.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 63, 64, 65, and 66 of plaintiff's complaint and can neither admit nor deny same.

**COUNT III**

67.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 66 above as if fully set forth verbatim herein.

68.

Paragraph no. 68 of plaintiff's complaint, contains legal conclusions to which no response is required. Further, this Defendant admits that the bankruptcy discharge order speaks for itself and denies any mischaracterization thereof. To the extent a response to paragraph no. 68 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 68 of plaintiff's complaint.

69-71.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 69, 70, and 71 of plaintiff's complaint and can neither admit nor deny same.

## COUNT IV

72.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 71 above as if fully set forth verbatim herein.

73.-76.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 73, 74, 75, and 76 of plaintiff's complaint and can neither admit nor deny same.

## COUNT V

77.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 76 above as if fully set forth verbatim herein.

78.

Paragraph no. 78 of plaintiff's complaint, contains legal conclusions to which no response is required. Further, this Defendant admits that the bankruptcy discharge order speaks for itself and denies any mischaracterization thereof. To the extent a response to paragraph no. 78 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 78 of plaintiff's complaint.

79.-81.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 79, 80. And 81 of plaintiff's complaint and can neither admit nor deny same.

**COUNT VI**

82.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 81 above as if fully set forth verbatim herein.

83.

Paragraph no. 83 of plaintiff's complaint, contains legal conclusions to which no response is required. Further, this Defendant admits that the bankruptcy discharge order speaks for itself and denies any mischaracterization thereof. To the extent a response to paragraph no. 83 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 83 of plaintiff's complaint.

84.-85.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 84, and 85 of plaintiff's complaint and can neither admit nor deny same.

## COUNT VII

86.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 85 above as if fully set forth verbatim herein.

87.

Paragraph no. 87 of plaintiff's complaint, contains legal conclusions to which no response is required. Further, this Defendant admits that the bankruptcy discharge order speaks for itself and denies any mischaracterization thereof. To the extent a response to paragraph no. 87 of plaintiff's complaint is required, this Defendant denies each allegation contained in paragraph no. 87 of plaintiff's complaint.

88.-89.

Paragraph nos. 88 and 89 of plaintiff's complaint are denied.

## COUNT VIII

90.

This Defendant repeats and reasserts its responses contained in paragraph nos. 1 through 89 above as if fully set forth verbatim herein.

91.-93.

Paragraph nos. 91, 92, and 93 of plaintiff's complaint are denied.

### Eighteenth Defense

Any and all allegations, claims, contentions, demands, and prayers for relief contained in plaintiff's complaint which have not been expressly admitted by this Defendant in this answer are hereby expressly denied.

### DEMAND FOR JURY TRIAL

This Defendant hereby demands a trial by a jury composed of twelve jurors in this action.

WHEREFORE, defendant Paul Mason and Associates, Inc. d/b/a Creditors Bankruptcy Service, having fully responded to plaintiff's complaint against it, prays that it be henceforth discharged and that all costs be cast upon plaintiff.

Respectfully submitted this the 8th day of March, 2016.

>　*/s/ Joseph J. Burton, Jr.*
> Joseph J. Burton, Jr.
> Georgia Bar No. 097875
> David W. Gordon
> Georgia Bar No. 726483
>
> *Attorneys for defendant Paul Mason and Associates, Inc. d/b/a Creditors Bankruptcy Service*

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive, NE
Atlanta, GA  30342-1386
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ROSA MAE PRITCHETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX INFORMATION SYSTEMS, )<br>LLC; WAREHOUSE HOME )<br>FURNISHINGS DISTRIBUTORS, INC. )<br>d/b/a FARMERS FURNITURE; SEVENTH )<br>AVENUE, INC.; and PAUL MASON AND )<br>ASSOCIATES, INC. d/b/a CREDITORS )<br>BANKRUPTCY SERVICE, )<br>)<br>Defendants. ) | CIVIL ACTION FILE NO.:<br>3:15-cv-197-TCB-RGV |

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this date I served the foregoing pleading on all parties of record in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

>Matthew T. Berry, Esq.
>Paul J. Sieg, Esq.
>BERRY & ASSOCIATES
>2751 Buford Highway
>Suite 600
>Atlanta, Geogia 30324

Pursuant to Local Rule 5.1 N.D. Ga., the foregoing pleading is prepared in Times New Roman, 14 point.

This the 8th day of March, 2016.

*/s/ Joseph J. Burton, Jr.*
Joseph J. Burton, Jr.
Georgia Bar No. 097875
