## Subpart C: Deductions for Debt Payment

47 **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47.

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | | ☐ yes ☐ no |
| b. | | | | ☐ yes ☐ no |
| c. | | | | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c | |

48 **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| | | | Total: Add Lines a, b and c |

49 **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. DO NOT INCLUDE CURRENT OBLIGATIONS, SUCH AS THOSE SET OUT IN LINE 33.

50 **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense.

| | | |
|---|---|---|
| a. | Projected average monthly chapter 13 plan payment. | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | % |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

51 **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50.

## Subpart D: Total Deductions from Income

52 **Total of all deductions from income.** Enter the total of Lines 38, 46 and 51.

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

53 **Total current monthly income.** Enter the amount from Line 20.

54 **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child.

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012

| | | |
|---|---|---|
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | |
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF THESE EXPENSES AND YOU MUST PROVIDE A DETAILED EXPLANATION OF THE SPECIAL CIRCUMSTANCES THAT MAKE SUCH EXPENSES NECESSARY AND REASONABLE. | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | | Total: Add Lines a, b, and c |

| | | |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | |

## Part VI: ADDITIONAL EXPENSE CLAIMS

60 **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total: Add Lines a, b, and c | |

## Part VII: VERIFICATION

61 I declare under penalty of perjury that the information provided in this statement is true and correct.
*(If this is a joint case, both debtors must sign.)*

Date: **5/9/2012** Signature: **/s/ Willie Frank Pritchett, Jr.**
**Willie Frank Pritchett, Jr.**

Date: **5/9/2012** Signature: **/s/ Rosa Mae Pritchett**
**Rosa Mae Pritchett**

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2012

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | | |
|---|---|---|---|
| **IN RE:** | **Willie Frank Pritchett, Jr.** | : | **Case No.**: 12-11364-WHD |
| | **Rosa Mae Pritchett** | : | |
| | | : | CHAPTER 13 |
| | **DEBTORS** | : | |
| | | : | |

DEFENDANT'S EXHIBIT NO. 4 FOR IDENTIFICATION DATE: 6/22/16 RPTR: CRH
PENGAD 800-631-6989

**THIRD AMENDED CHAPTER 13 PLAN**

**Extension ( )**

**Composition (X)**

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of $600.00 per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

( ) IF CHECKED, Plan payments will increase by $_________________monthly in _________________, upon completion or termination of _____________________. The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

A. **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

B. **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $4,000.00. The amount of $0.00 was paid prior to the filing of the case. The balance of $4,000.00 will be paid as follows:

1. Such funds remaining in the possession of the trustee after payment of trustee fees and Adequate Protection payments, not to exceed $4,000.00, to be paid at the initial disbursement following confirmation of the plan.

2. $470.00 will be paid on a monthly basis until the fee is paid in full. If the case is dismissed or converted prior to confirmation, the Trustee shall pay up to $4,000.00 from available funds.

3. Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If no objection to the application is timely filed, then the application will stand approved without further notice or hearing. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(2), above. If the base fee has been paid in full, then the fee shall be paid up to $470.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

5. **Priority Claims.**

**Domestic Support Obligations.**

None.

B. **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)Creditor | (b)Estimated claim |
|---|---|
| *BB&T Regional Acceptance Corp. | $570.00 |
| Coweta County Tax Commissioner | $900.00 |

*Claim number 10-1 filed by BB&T Regional Acceptance is a priority unsecured claim; the claim reflects costs associated with pre-petition repossession of collateral by lien holder. For more complete information regarding lien holder, see also Claim number 9-1.

6. **Secured Claims.**

A. **Claims Secured by Personal Property Which Debtor Intends to Retain.**

i. **Adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to§ 1326(a)(1)(C). Each creditor listed below shall have an administrative lien on its respective payment(s), subject to objection.

Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan:

| (a) Creditor | (b) Collateral | (c) Monthly Adequate Protection Payments |
|---|---|---|
| Regional Acceptance | 2007 Jeep Liberty | $84.00 |

ii. **Post Confirmation payments.** After confirmation of the plan, monthly payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). After the confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| | | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Regional Acceptance | 2007 Jeep Liberty | 7/27/07 | $8,745.00 | 5% | $84.00 step to 454.00 in April 2013 |
| Farmers Furniture | furniture | 5/9/04 | $104.00 | 5% | $10.00 |

(c). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Weyerhauser Mortgage/SPS | SFDD 9 Wilson Circle, Newnan, GA | $4,317.00 | $0.00 step to 100.00 in April 2013 |

B. **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as general, unsecured debt. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to

Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

None.

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $17,806.73. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or 0% whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

None.

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

**Special classes of unsecured claims.**

**Other direct payments to creditors.**

**Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded as classified in the proof of claim as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim. Allowed claims in this class shall receive 5% interest.

**Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan,

the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

None.

**E. Miscellaneous provisions**. Any federal tax refund that is issued to the Debtor for a tax year ending within the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor(s) authorize(s) and instruct(s) the Internal Revenue Service to send any refund for said years directly to the Debtor(s) Chapter 13 Trustee. Any refund that is less than $1,500.00 may be retained by the debtor upon written request by Debtor to the trustee along with any substantiating documents without further notice or hearing from this court.

Date: September 4, 2012

__________/s/________________
Jayson R. Davis, Bar No.: 608053
Berry & Associates
2751 Buford Hwy
Suite 400
Atlanta, Georgia 30324
(404) 235-3300

_____________/s/____________________
Willie Frank Pritchett, Jr.

_____________/s/____________________
Rosa Mae Pritchett

B1 (Official Form 1) (04/13) Bar No#: 055663

**United States Bankruptcy Court**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

**Voluntary Petition**

| Debtor | Joint Debtor |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Pritchett, Jr., Willie Frank** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Pritchett, Rosa Mae** |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-9940** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-3857** |
| Street Address of Debtor (No. and Street, City, and State): **9 Wilson Circle Newnan, GA** ZIP CODE **30263** | Street Address of Joint Debtor (No. and Street, City, and State): **9 Wilson Circle Newnan, GA** ZIP CODE **30263** |
| County of Residence or of the Principal Place of Business: **Coweta** | County of Residence or of the Principal Place of Business: **Coweta** |
| Mailing Address of Debtor (if different from street address): **9 Wilson Circle Newnan, GA** ZIP CODE **30263** | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**

- ☐ Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- ☐ Debtor's aggregate noncontigent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

**Check all applicable boxes:**

- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

DEFENDANT'S EXHIBIT NO. 5 FOR IDENTIFICATION DATE 6-2-16 RPTR CKH
PENGAD 800-631-6989

## Voluntary Petition
*(This page must be completed and filed in every case.)*

Name of Debtor(s): **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| NDGA | 10-10166 | 1/19/2010 |
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| None | | |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X /s/ Matthew T. Berry 10/14/2015
**Matthew T. Berry** Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

______________________________
(Name of landlord that obtained judgment)

______________________________
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2015 (Build 11.2.9.3, ID 0788000985)*

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s): **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Willie Frank Pritchett, Jr.**
**Willie Frank Pritchett, Jr.**

X **/s/ Rosa Mae Pritchett**
**Rosa Mae Pritchett**

Telephone Number (If not represented by attorney)

**10/14/2015**
Date

**Signature of Attorney***

X **/s/ Matthew T. Berry**
**Matthew T. Berry** Bar No. **055663**

**Berry & Associates**
**2751 Buford Hwy**
**Suite 400**
**Atlanta, GA 30324**

Phone No. **(404) 235-3300** Fax No. **(404) 235-3333**

10/14/2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X

Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X

(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X

Date

Signature of bankruptcy petiton preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2015 (Build 11.2.9.3, ID 0788000985)*

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Debtor(s)

Case No. ____________________
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Willie Frank Pritchett, Jr.**
Willie Frank Pritchett, Jr.

Date: **10/14/2015**

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Debtor(s)

Case No. ____________________
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Debtor(s)

Case No. ____________________
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Rosa Mae Pritchett**
Rosa Mae Pritchett

Date: **10/14/2015**

B6A (Official Form 6A) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________ (if known)

# SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| SFDD<br>9 Wilson Circle<br>Newnan, GA 30263 | Ownership Subject to Lien | J | $100,000.00 | $91,853.00 |
| | | Total: | **$100,000.00** | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America | J | $37.00 |
| | | BB & T checking | W | $0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | HHG | J | $1,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | J | $250.00 |
| 7. Furs and jewelry. | | jewelry | J | $100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________ (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 Jeep Liberty | J | $3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

3 continuation sheets attached
(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**Total >** **$4,387.00**

B6C (Official Form 6C) (4/13)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| SFDD<br>9 Wilson Circle<br>Newnan, GA 30263 | O.C.G.A. § 44-13-100(a)(1) | $20,000.00 | $100,000.00 |
| Bank of America | O.C.G.A. § 44-13-100(a)(6) | $37.00 | $37.00 |
| BB & T checking | O.C.G.A. § 44-13-100(a)(6) | $0.00 | $0.00 |
| HHG | O.C.G.A. § 44-13-100(a)(4) | $1,000.00 | $1,000.00 |
| Clothing | O.C.G.A. § 44-13-100(a)(4) | $250.00 | $250.00 |
| jewelry | O.C.G.A. § 44-13-100(a)(5) | $100.00 | $100.00 |
| 2007 Jeep Liberty | O.C.G.A. § 44-13-100(a)(3) | $3,000.00 | $3,000.00 |
| | | **$24,387.00** | **$104,387.00** |

** Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________ (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxxxxxx9006**<br>**Select Portfolio Servicing**<br>**10401 Deerwood Park Blvd**<br>**Jacksonville, FL 32256** | | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**First Mortgage**<br>COLLATERAL:<br>**SFDD**<br>REMARKS:<br>**Arrears = $5,000.00**<br>VALUE: **$100,000.00** | | | | **$91,853.00** | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | **Subtotal (Total of this Page) >** | | | | **$91,853.00** | **$0.00** |
| | | | **Total (Use only on last page) >** | | | | **$91,853.00** | **$0.00** |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**No** continuation sheets attached

B6E (Official Form 6E) (04/13)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

** Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____No____ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ______________________ (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxxxxxxxxxxx0701**<br>**Acceptance Now**<br>**5501 Headquarters Dr**<br>**Plano, TX 75024** | | - | DATE INCURRED: **06/2013**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **xxxxxxxxxxxx1427**<br>**Bank of America**<br>**Attn: Recovery Department**<br>**4161 Piedmont Pkwy**<br>**Greensboro, NC 27410** | | - | DATE INCURRED: **09/2001**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **xxxxxxxxxxxx5149**<br>**Citibank/The Home Depot**<br>**Citicorp Credit Srvs/Centralized Bankrup**<br>**PO Box 790040**<br>**Saint Louis, MO 63179** | | - | DATE INCURRED: **07/2001**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **xxxxx6345**<br>**Comenity Bank/Chadwicks**<br>**Attn: Bankruptcy**<br>**PO Box 182686**<br>**Columbus, OH 43218** | | - | DATE INCURRED: **02/2001**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **x9277**<br>**Comenity Bank/Jessica London**<br>**Attention: Bankruptcy**<br>**P.O. Box 182125**<br>**Columbus, OH 43218** | | - | DATE INCURRED: **05/2007**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **x7342**<br>**Comenity Bank/King Sizes**<br>**Attention: Bankruptcy**<br>**PO Box 182125**<br>**Columbus, OH 43218** | | - | DATE INCURRED: **02/2008**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |

**Subtotal >** **$0.00**

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

___3___ continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ______________ (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxx9511<br>**Comenity Bank/Sizes**<br>**Comenity Bank**<br>**PO Box 182125**<br>**Columbus, OH 47321** | | - | DATE INCURRED: **06/2015**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$124.00** |
| ACCT #: xxxxxxxxx6494<br>**Coweta Cities & Cnty F**<br>**53a Jefferson Pkwy**<br>**Newnan, GA 30263** | | - | DATE INCURRED: **11/2009**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$210.00** |
| ACCT #: xxxxxxxxx4621<br>**Coweta Cities & Cnty F**<br>**53a Jefferson Pkwy**<br>**Newnan, GA 30263** | | - | DATE INCURRED: **12/2008**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: xxxxxxxxx3679<br>**Coweta Cities & Cnty F**<br>**53a Jefferson Pkwy**<br>**Newnan, GA 30263** | | - | DATE INCURRED: **07/2008**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: xxxxxxxxx1999<br>**Coweta Cities & Cnty F**<br>**53a Jefferson Pkwy**<br>**Newnan, GA 30263** | | - | DATE INCURRED: **10/2007**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: xxxxxxxxx3020<br>**Dsnb Macys**<br>**Macy's Bankruptcy Department**<br>**PO Box 8053**<br>**Mason, OH 45040** | | - | DATE INCURRED: **08/1978**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |

Sheet no. 1 of 3 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal >** **$334.00**

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.
In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ______________ (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: xxxxxxxxx3030<br>**Dsnb Macys**<br>**Macy's Bankruptcy Department**<br>**PO Box 8053**<br>**Mason, OH 45040** | | - | DATE INCURRED: 01/1984<br>CONSIDERATION:<br>Account<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxxx8206<br>**Farmers Furniture**<br>**Attention: Bankruptcy**<br>**1851 Tellfair St.**<br>**Dublin, GA 31040** | | - | DATE INCURRED: 06/20/2007<br>CONSIDERATION:<br>Account<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxxxxxxx657O<br>**Ginnys/Swiss Colony Inc**<br>**Attn: Bankruptcy**<br>**1112 7th Ave**<br>**Monroe, WI 53566** | | - | DATE INCURRED: 02/18/2009<br>CONSIDERATION:<br>Account<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxxxxxxxxxx9586<br>**Mabt - Genesis Retail**<br>**Po Box 4499**<br>**Beaverton, OR 97076** | | - | DATE INCURRED: 04/2015<br>CONSIDERATION:<br>Credit Card<br>REMARKS: | | | | $2,196.00 |
| ACCT #: xxxxx3101<br>**Regional Acceptance Co**<br>**Attn: Bankruptcy**<br>**266 Beacon Ave.**<br>**Winterville, NC 28590** | | - | DATE INCURRED: 07/2007<br>CONSIDERATION:<br>Account<br>REMARKS: | | | | $0.00 |
| ACCT #: xxxxxxxxxxxx6579<br>**Synchrony Bank/Belk**<br>**GE Capital Retail Bank**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | - | DATE INCURRED: 09/2015<br>CONSIDERATION:<br>Account<br>REMARKS: | | | | $91.00 |

Sheet no. 2 of 3 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal >** **$2,287.00**

**Total >**
**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxxxxxxxxx6489**<br>**Synchrony Bank/Belk**<br>**GE Capital Retail Bank**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | - | DATE INCURRED: **12/07/2001**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **xxxxxxxxxxxx2238**<br>**Synchrony Bank/JC Penny**<br>**Attention: Bankruptcy**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | - | DATE INCURRED: **09/2015**<br>CONSIDERATION:<br>**Account**<br>REMARKS: | | | | **$73.00** |
| ACCT #: **xxxxxxxxxxxx8769**<br>**Wf Fin Bank/Wells Fargo Financial**<br>**Attention: Bankruptcy**<br>**PO Box 10438 MAC-X2505-033**<br>**Des Moines, IA 50306** | | - | DATE INCURRED: **07/16/2002**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$0.00** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. 3 of 3 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal >** **$73.00**

**Total >** **$2,694.00**

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Willie | Frank | Pritchett, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Rosa | Mae | Pritchett |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA | | |
| Case number (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

MM / DD / YYYY

Official Form B 6I

## Schedule I: Your Income

12/13

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☑ Not employed |
| **Occupation** | Driver | Retired |
| **Employer's name** | WEFAM | |
| **Employer's address** | 142 Wilson Cir.<br>Number Street<br>Newnan GA 30263<br>City State Zip Code | Number Street<br>City State Zip Code |
| **How long employed there?** | 3 weeks | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $0.00 | $0.00 |
| 3. **Estimate and list monthly overtime pay.** | 3. + | $0.00 | $0.00 |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $0.00 | $0.00 |

Debtor 1 Willie Frank Pritchett, Jr. Case number (if known)
First Name Middle Name Last Name

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse | |
|---|---|---|---|---|---|
| | Copy line 4 here → | 4. | $0.00 | $0.00 | |
| 5. | List all payroll deductions: | | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $0.00 | $0.00 | |
| | 5b. Mandatory contributions for retirement plans | 5b. | $0.00 | $0.00 | |
| | 5c. Voluntary contributions for retirement plans | 5c. | $0.00 | $0.00 | |
| | 5d. Required repayments of retirement fund loans | 5d. | $0.00 | $0.00 | |
| | 5e. Insurance | 5e. | $0.00 | $0.00 | |
| | 5f. Domestic support obligations | 5f. | $0.00 | $0.00 | |
| | 5g. Union dues | 5g. | $0.00 | $0.00 | |
| | 5h. Other deductions. Specify: | 5h.+ | $0.00 | $0.00 | |
| 6. | Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | $0.00 | $0.00 | |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $0.00 | $0.00 | |
| 8. | List all other income regularly received: | | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $3,500.00 | $0.00 | |
| | 8b. Interest and dividends | 8b. | $0.00 | $0.00 | |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 | |
| | 8d. Unemployment compensation | 8d. | $0.00 | $0.00 | |
| | 8e. Social Security | 8e. | $0.00 | $747.00 | |
| | 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) or any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $0.00 | $0.00 | |
| | 8g. Pension or retirement income | 8g. | $0.00 | $248.00 | |
| | 8h. Other monthly income. Specify: | 8h.+ | $0.00 | $0.00 | |
| 9. | Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $3,500.00 | $995.00 | |
| 10. | Calculate monthly income. Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $3,500.00 + | $995.00 = | $4,495.00 |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.

Specify: ____ 11. + $0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies. 12. $4,495.00
Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
☑ No. None.
☐ Yes. Explain:

Debtor 1 **Willie** **Frank** **Pritchett, Jr.** Case number (if known)
First Name Middle Name Last Name

8a. Attached Statement (Debtor 1)

| | | | |
|---|---|---|---|
| **Gross Monthly Income:** | | | **$3,500.00** |
| Expense | Category | Amount | |
| **Total Monthly Expenses** | | | **$0.00** |
| **Net Monthly Income:** | | | **$3,500.00** |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Willie | Frank | Pritchett, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Rosa | Mae | Pritchett |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF GEORGIA

Case number (if known) ____________

Check if this is:

- ☐ An amended filing
- ☐ A supplement showing post-petition chapter 13 expenses as of the following date:

  ____________
  MM / DD / YYYY
- ☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

## Schedule J: Your Expenses

12/13

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**
   - ☑ No
   - ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?** ☐ No ☑ Yes. Fill out this information for each dependent....................

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Mother | 94 | ☐ No ☑ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?** ☑ No ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form B 6I.)**

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $947.00 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $50.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $137.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $100.00 |
| 4d. Homeowner's association or condominium dues | 4d. | |

Debtor 1 Willie Frank Pritchett, Jr. Case number (if known) ______
First Name Middle Name Last Name

| | | | Your expenses |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $346.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $75.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $100.00 |
| | 6d. Other. Specify: Cable, Internet, Landline | 6d. | $243.00 |
| 7. | **Food and housekeeping supplies** | 7. | $750.00 |
| 8. | **Childcare and children's education costs** | 8. | |
| 9. | **Clothing, laundry, and dry cleaning** (See continuation sheet(s) for details) | 9. | $150.00 |
| 10. | **Personal care products and services** | 10. | $50.00 |
| 11. | **Medical and dental expenses** | 11. | $350.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $450.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | |
| 14. | **Charitable contributions and religious donations** | 14. | |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $50.00 |
| | 15b. Health insurance | 15b. | |
| | 15c. Vehicle insurance | 15c. | $147.00 |
| | 15d. Other insurance. Specify: | 15d. | |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: Ad Valorem | 16. | $75.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | |
| | 17b. Car payments for Vehicle 2 | 17b. | |
| | 17c. Other. Specify: | 17c. | |
| | 17d. Other. Specify: | 17d. | |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form B 6I).** | 18. | |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | |
| | 20a. Mortgages on other property | 20a. | |
| | 20b. Real estate taxes | 20b. | |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | |
| | 20e. Homeowner's association or condominium dues | 20e. | |
| 21. | **Other.** Specify: Personal Grooming | 21. | + $75.00 |

Debtor 1 **Willie** **Frank** **Pritchett, Jr.** Case number (if known) ____
First Name Middle Name Last Name

**22. Your monthly expenses.** Add lines 4 through 21.
The result is your monthly expenses. 22. **$4,095.00**

**23. Calculate your monthly net income.**

23a. Copy line 12 (your combined monthly income) from Schedule I. 23a. **$4,495.00**

23b. Copy your monthly expenses from line 22 above. 23b. – **$4,095.00**

23c. Subtract your monthly expenses from your monthly income.
The result is your monthly net income. 23c. **$400.00**

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes. Explain here:
**None.**

Debtor 1 **Willie** **Frank** **Pritchett, Jr.** Case number (if known)
First Name Middle Name Last Name

9. **Clothing, laundry, and dry cleaning (details):**

| | |
|---|---|
| **Clothing** | **$100.00** |
| **Laundry/Dry Cleaning** | **$50.00** |
| **Total:** | **$150.00** |

B 6 Summary (Official Form 6 - Summary) (12/14)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No.

Chapter **13**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | **$100,000.00** | | |
| B - Personal Property | Yes | 4 | **$4,387.00** | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | **$91,853.00** | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | **$0.00** | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | **$2,694.00** | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 3 | | | **$4,495.00** |
| J - Current Expenditures of Individual Debtor(s) | Yes | 4 | | | **$4,095.00** |
| | TOTAL | **21** | **$104,387.00** | **$94,547.00** | |

B 6 Summary (Official Form 6 - Summary) (12/14)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No.

Chapter **13**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $4,495.00 |
| Average Expenses (from Schedule J, Line 22) | $4,095.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14) | $3,748.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $2,694.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $2,694.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **23** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **10/14/2015**

Signature **/s/ Willie Frank Pritchett, Jr.**
***Willie Frank Pritchett, Jr.***

Date **10/14/2015**

Signature **/s/ Rosa Mae Pritchett**
***Rosa Mae Pritchett***

[If joint case, both spouses must sign.]

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the TWO YEARS immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| | Husband |
| 3,000.00 | YTD |
| 3,000.00 | |
| 45,000.00 | |
| | Wife |
| 5,500.00 | YTD |
| 17,999.74 | |
| 17,000.00 | |

## 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the TWO YEARS immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None ☑

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 DAYS immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 DAYS immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☑

c. All debtors: List all payments made within ONE YEAR immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑

a. List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 DAYS immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑ List all gifts or charitable contributions made within ONE YEAR immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within ONE YEAR immediately preceding the commencement of this case OR SINCE THE COMMENCEMENT OF THIS CASE. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within ONE YEAR immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Credability** | **5/5/12** | **50.00** |
| **Berry & Associates**<br>**2751 Buford Highway**<br>**Suite 600**<br>**Atlanta, GA 30324** | **October 5, 2015** | **$310.00 filing fee**<br>**$23.00 credit report fee**<br>**$20.00 tax transcript fee** |

### 10. Other transfers

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within TWO YEARS immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/13)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________ (if known)

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

---

None ☑ b. List all property transferred by the debtor within TEN YEARS immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within ONE YEAR immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 DAYS preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☑ If the debtor has moved within THREE YEARS immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within EIGHT YEARS immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

B7 (Official Form 7) (04/13)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None ☑ a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within SIX YEARS immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

---

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ____________________
(if known)

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **10/14/2015**

Signature of Debtor **/s/ Willie Frank Pritchett, Jr.**
***Willie Frank Pritchett, Jr.***

Date **10/14/2015**

Signature of Joint Debtor (if any) **/s/ Rosa Mae Pritchett**
***Rosa Mae Pritchett***

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 201B (Form 201B) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

In re **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

Case No. ______________

Chapter **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**
Printed Name(s) of Debtor(s)

Case No. (if known) ______________

X **/s/ Willie Frank Pritchett, Jr.** **10/14/2015**
Signature of Debtor Date

X **/s/ Rosa Mae Pritchett** **10/14/2015**
Signature of Joint Debtor (if any) Date

### Certificate of Compliance with § 342(b) of the Bankruptcy Code

I, **Matthew T. Berry**, counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ Matthew T. Berry**

Matthew T. Berry, Attorney for Debtor(s)
Bar No.: 055663
Berry & Associates
2751 Buford Hwy
Suite 400
Atlanta, GA 30324
Phone: (404) 235-3300
Fax: (404) 235-3333
E-Mail: mberry@mattberry.com

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

## UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days BEFORE the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1167 filing fee, $550 administrative fee: Total fee $1717)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

IN RE: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

CASE NO

CHAPTER **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | **$4,000.00** |
| Prior to the filing of this statement I have received: | **$0.00** |
| Balance Due: | **$4,000.00** |

2. The source of the compensation paid to me was:

☑ Debtor ☐ Other (specify)

3. The source of compensation to be paid to me is:

☑ Debtor ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]

**Stop creditor actions against client**
**Pre confirmation Motion to Extend or Impose Stay**
**Response to Pre-confirmation Motion for Relief from Stay**
**Employer Deduction Order**
**Lien avoidances necessary to confirm Plan**
**Modifcation necessary to confirm Plan**
**Objections to claims necessary to confirm Plan**
**Objections to late-filed claims**
**Bar Date reviews of claims, filing of certification and resulting pleadings**
**Chanes of address**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

IN RE: **Willie Frank Pritchett, Jr.**
**Rosa Mae Pritchett**

CASE NO

CHAPTER **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
**Motion to Retain ($450.00**
**Amend or Modify schedules ($300.00)**
**Plan Modification ($300.00)**
**Lien Avoidance ($300.00)**
**Objection to Claim ($350.00)**
**Resolving Motion for Relief from Stay ($450.00)**
**Motion to Suspend or Excuse Plan payments ($350.00)**
**Motion to Sell Property ($500.00)**
**Motion to Compromise Claim ($500.00)**
**Application to Employ Professional ($400.00)**
**Motion to Refinance Property or Motion to Incur ($500.00)**
**Resolving Motions to Dismiss ($350.00)**
**Resolving Creditor or Trustee Motions to Modify Plan ($150.00)**
**Motion to Sever or Dismiss as to one joint Debtor ($300.00)**
**Motion to Reopen or to Vacate Dismissal Order ($500.00)**
**Motion to Reimpose Stay ($500.00)**
**Adversary Proceedings ($300.00/hour)**
**Miscellaneous Action ($400.00)**

**7. If this is a Chapter 13 proceeding, I certify that I have provided the debtor with the statement entitled "Rights and Responsibilities".**

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. Pursuant to General Order No. 9, I certify that I provided to the Debtor a copy of the "Rights and Responsibilities Statement Between Chapter 13 Debtors and Their Attorneys".

| **10/14/2015** | **/s/ Matthew T. Berry** |
|---|---|
| *Date* | *Matthew T. Berry* Bar No. 055663 |

Berry & Associates
2751 Buford Hwy
Suite 400
Atlanta, GA 30324
Phone: (404) 235-3300 / Fax: (404) 235-3333

Acceptance Now
5501 Headquarters Dr
Plano, TX 75024

Bank of America
Attn: Recovery Department
4161 Piedmont Pkwy
Greensboro, NC 27410

Citibank/The Home Depot
Citicorp Credit Srvs/Centralized Bankrup
PO Box 790040
Saint Louis, MO 63179

Comenity Bank/Chadwicks
Attn: Bankruptcy
PO Box 182686
Columbus, OH 43218

Comenity Bank/Jessica London
Attention: Bankruptcy
P.O. Box 182125
Columbus, OH 43218

Comenity Bank/King Sizes
Attention: Bankruptcy
PO Box 182125
Columbus, OH 43218

Comenity Bank/Sizes
Comenity Bank
PO Box 182125
Columbus, OH 47321

Coweta Cities & Cnty F
53a Jefferson Pkwy
Newnan, GA 30263

Dsnb Macys
Macy's Bankruptcy Department
PO Box 8053
Mason, OH 45040

Farmers Furniture
Attention: Bankruptcy
1851 Tellfair St.
Dublin, GA 31040

Ginnys/Swiss Colony Inc
Attn: Bankruptcy
1112 7th Ave
Monroe, WI 53566

Mabt - Genesis Retail
Po Box 4499
Beaverton, OR 97076

Regional Acceptance Co
Attn: Bankruptcy
266 Beacon Ave.
Winterville, NC 28590

Select Portfolio Servicing
10401 Deerwood Park Blvd
Jacksonville, FL 32256

Synchrony Bank/Belk
GE Capital Retail Bank
PO Box 103104
Roswell, GA 30076

Synchrony Bank/JC Penny
Attention: Bankruptcy
PO Box 103104
Roswell, GA 30076

Wf Fin Bank/Wells Fargo Financial
Attention: Bankruptcy
PO Box 10438 MAC-X2505-033
Des Moines, IA 50306

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Willie | Frank | Pritchett, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Rosa | Mae | Pritchett |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF GEORGIA

Case number (if known) ______

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☑ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☑ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

Official Form 22C-1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/14

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On top of any additional pages, write your name and case number (if known).**

## Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

☐ **Not married.** Fill out Column A, lines 2-11.

☑ **Married.** Fill out both Columns A and B, lines 2-11.

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | | $3,500.00 | $0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | | $0.00 | $0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | | $0.00 | $0.00 |
| 5. | **Net income from operating a business, profession, or farm** | | | |
| | Gross receipts (before all deductions) | $0.00 | | |
| | Ordinary and necessary operating expenses | – $0.00 | | |
| | Net monthly income from a business, profession, or farm | $0.00 Copy here → | $0.00 | $0.00 |
| 6. | **Net income from rental and other real property** | | | |
| | Gross receipts (before all deductions) | $0.00 | | |
| | Ordinary and necessary operating expenses | – $0.00 | | |
| | Net monthly income from rental or other real property | $0.00 Copy here → | $0.00 | $0.00 |
| 7. | **Interest, dividends, and royalties** | | $0.00 | $0.00 |

Debtor 1 Willie (First Name) Frank (Middle Name) Pritchett, Jr. (Last Name) Case number (if known) ____________

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| **8. Unemployment compensation** | $0.00 | $0.00 |
| Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: | | |
| For you .......... $0.00 | | |
| For your spouse .......... $0.00 | | |
| **9. Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $0.00 | $248.00 |
| **10. Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c. | | |
| 10a. ____________ | | |
| 10b. ____________ | | |
| 10c. Total amounts from separate pages, if any. | + | + |
| **11. Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $3,500.00 + | $248.00 = $3,748.00 Total average monthly income |

## Part 2: Determine How to Measure Your Deductions from Income

**12. Copy your total average monthly income from line 11.** .......... $3,748.00

**13. Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 in line 13d.

☑ You are married and your spouse is filing with you. Fill in 0 in line 13d.

☐ You are married and your spouse is not filing with you.
Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

In lines 13a-c, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 on line 13d.

13a. ____________ ______

13b. ____________ ______

13c. ____________ + ______

13d. Total .......... $0.00 Copy here ➔ .... 13d. − $0.00

**14. Your current monthly income.** Subtract line 13d from line 12. 14. $3,748.00

**15. Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➔ .......... 15a. $3,748.00

Multiply line 15a by 12 (the number of months in a year). X 12

15b. The result is your current monthly income for the year for this part of the form. 15b. $44,976.00

Debtor 1 Willie (First Name) Frank (Middle Name) Pritchett, Jr. (Last Name) Case number (if known) ______

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. **Georgia**

16b. Fill in the number of people in your household. **3**

16c. Fill in the median family income for your state and size of household.................. 16c. **$58,797.00**
To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out Calculation of Disposable Income (Official Form 22C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 22C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

## Part 3: Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)

**18. Copy your total average monthly income from line 11.** .................. 18. **$3,748.00**

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13d.

If the marital adjustment does not apply, fill in 0 on line 19a. 19a. − **$0.00**

**Subtract line 19a from line 18.** 19b. **$3,748.00**

**20. Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b .................. 20a. **$3,748.00**

Multiply by 12 (the number of months in a year). **X 12**

20b. The result is your current monthly income for the year for this part of the form. 20b. **$44,976.00**

20c. Copy the median family income for your state and size of household from line 16c. .................. 20c. **$58,797.00**

**21. How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

## Part 4: Sign Below

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Willie Frank Pritchett, Jr.**
**Willie Frank Pritchett, Jr.**

Date **10/14/2015**
MM / DD / YYYY

X **/s/ Rosa Mae Pritchett**
**Rosa Mae Pritchett**

Date **10/14/2015**
MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 22C-2.

If you checked 17b, fill out Form 22C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

Rosa Mae Pritchett,

Plaintiff,

Case No.:

v.

Experian Information Solutions, Inc., and Coweta Cities & County Employees Federal Credit Union,

Defendants.

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

2. Plaintiff, Rosa Mae Pritchett, is natural person who resides in Coweta County, Georgia.

3. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau doing business in Georgia.

PENGAD 800-631-6989 DEFENDANT'S EXHIBIT NO. 6 FOR IDENTIFICATION DATE 6-22-16 RPTR: CLH

5. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant, Coweta Cities & County Employees Federal Credit Union (hereinafter "Coweta") does business in Georgia.

7. Coweta regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

**JURISDICTION AND VENUE**

8. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

9. Venue is proper in this Court because a substantial part of the claims arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. On May 9, 2012, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 12-11364.

11. Plaintiff received a discharge of her debts by Order of the Bankruptcy Court, dated July 21, 2015.

12. Among the debts discharged in Plaintiff's bankruptcy was an account with a debt due and owing to Coweta. Notice of the discharge was served on Coweta

13. On or about August 28, 2015, Plaintiff obtained a copy of her consumer report as published by Experian.

14. The Experian report contained erroneous information as provided by Coweta and published and reported by Experian. Specifically, Experian and Coweta reported that as of July 2015, Plaintiff's account with Coweta had a $233 past due balance and that the account had been charged off in the amount of $326.

15. The information described above was both false and misleading.

16. In letters dated September 28, 2015, Plaintiff disputed the inaccurate and misleading information to Experian and Coweta directly, and advised both Experian and Coweta of the specific facts that rendered the reporting inaccurate and misleading.

17. Upon information and belief, Experian timely notified Coweta of Plaintiff's dispute as required by 11 U.S.C. § 1681i.

18. In a document dated October 9, 2015, Experian advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Experian provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. A true and correct copy of the relevant pages of this document is attached as "Exhibit A."

19. Despite having actual notice of specific facts that rendered the information in Plaintiff's consumer report false and misleading, Coweta and Experian, re-reported the false and misleading information.

20. There is no indication in the Experian reinvestigation report that Coweta reported that the account/debt was disputed by the Plaintiff as required by 15 U.S.C § 1681s-2(a)(3).

21. Defendant Coweta is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they furnish information for use in consumer reports.

22. Experian is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports from information in their database.

23. Experian was required to communicate the specifics of Plaintiff's dispute to Coweta, in accordance with the requirements of 15 U.S.C. § 1681i.

24. Both of the Defendants had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the trade-line information notwithstanding the information it received from a co-defendant.

25. Both of the Defendants, independently and jointly, breached their duties as described above.

26. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's consumer reports that Plaintiff's account with Coweta had a $233 past due balance and that the account had been charged off in the amount of $326, was not appropriately deleted or modified.

27. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

28. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation, suppression of Plaintiff's credit score, out-of-pocket expenses in challenging Defendant's wrongful representations, detriment to Plaintiff's credit rating and emotional distress.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Experian)

30. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

31. Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer report.

32. Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

33. As a result of Experian's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation, suppression of Plaintiff's credit score, out-of-pocket expenses in challenging Defendant's wrongful representations, detriment to Plaintiff's credit rating and emotional

distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

34. Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

35. Plaintiff is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (Coweta)**

36. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

37. Coweta willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

38. As a result of Coweta's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation, suppression of Plaintiff's credit score, out-of-pocket expenses in challenging Defendant's wrongful representations, detriment to Plaintiff's credit rating and emotional distress.

Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

39. Coweta's actions and omissions were willful, rendering it liable for punitive damages, and actual or statutory damages pursuant to 15 U.S.C. § 1681n.

40. Plaintiff is entitled to recover costs and attorney's fees from Coweta pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION

41. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

42. Defendant willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-discharge derogatory collection information.

43. Defendant's actions described above were willful, rendering Defendant liable for civil contempt sanctions

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Civil contempt sanctions against Defendant Coweta; and,

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of October, 2015.

_/s/ Paul J. Sieg_
Paul J. Sieg, Bar No.: 334182
_/s/ Matthew T. Berry_
Matthew T. Berry, Bar No.: 055663

Plaintiff's Attorneys
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com

Experian
A world of insight

Prepared for: **ROSA MAE PRITCHETT**
Date: **October 09, 2015**
Report number: **0002-3901-69**



Your accounts that may be considered negative (continued)

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($) DPR = Date payment received SPA = Scheduled payment amount ($) AAP = Actual amount paid ($)

| | Nov14 | Oct14 |
|---|---|---|
| AB | 70 | 70 |
| DPR | Oct21 | Oct21 |
| SPA | ND | ND |
| AAP | ND | 333 |

*The original amount of this account was $25,060*

| | | | | | |
|---|---|---|---|---|---|
| **COWETA CITIES & CNTY FCU**<br>53A JEFFERSON PKWY<br>NEWNAN GA 30263<br>**Phone number**<br>(770) 253 2273<br>**Partial account number**<br>528200ID2....<br>**Address identification number**<br>0065798385 | **Date opened**<br>Nov 2009<br>**First reported**<br>Nov 2009<br>**Date of status**<br>Jul 2015 | **Type**<br>Unsecured<br>**Terms**<br>4 Months<br>**Monthly payment**<br>Not reported | **Credit limit or original amount**<br>$500<br>**High balance**<br>Not reported | **Recent balance**<br>$0 as of Sep 2015 | **Responsibility**<br>Individual<br>**Status**<br>Discharged through Bankruptcy Chapter 13.<br>This account is scheduled to continue on record until Mar 2017.<br>This item was updated from our processing of your dispute in Oct 2015.<br>**Account History**<br>Debt included in Chapter 13 Bankruptcy on July 21, 2015. |

Payment history

| 2015 | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO |

| 2014 | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2013 | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2012 | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | CO | CO | ND | CO | CO |

| 2011 | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2010 | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | ND | [illegible] | [illegible] | OK | OK |

| 2009 | DEC | NOV |
|---|---|---|
| | OK | OK |

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($) DPR = Date payment received SPA = Scheduled payment amount ($) AAP = Actual amount paid ($)

| | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | Feb14 | Jan14 | Dec13 | Nov13 | Oct13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 210 | 210 | 210 | 227 | 245 | 280 | 298 | 298 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 | 326 |
| DPR | Jun08 | Jun08 | Jun08 | May06 | Apr06 | Mar06 | Jan07 | Jan07 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 | May24 |
| SPA | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP | ND | ND | 17 | 17 | 35 | 17 | ND | 28 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

*The original amount of this account was $500*

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Rosa Mae Pritchett

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Coweta
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANT(S)

Experian Information Solutions, Inc., and Coweta Cities & County Employees Federal Credit Union

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____________
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Paul J. Sieg
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, Georgia 3305
(404) 235-3334
psieg@mattberry.com

## ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. GOVERNMENT PLAINTIFF
- ☑ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- ☐ 2 U.S. GOVERNMENT DEFENDANT
- ☐ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☑ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☐ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☑ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN

(PLACE AN "X "IN ONE BOX ONLY)

- ☑ 1 ORIGINAL PROCEEDING
- ☐ 2 REMOVED FROM STATE COURT
- ☐ 3 REMANDED FROM APPELLATE COURT
- ☐ 4 REINSTATED OR REOPENED
- ☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- ☐ 6 MULTIDISTRICT LITIGATION
- ☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

## V. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of the Fair Credit Reporting Act (FCRA)15 U.S.C. § 1681 et seq. and violations of the bankruptcy discharge injunction at 11 U.S.C. § 524(a)(2)

(IF COMPLEX, CHECK REASON BELOW)

- ☐ 1. Unusually large number of parties.
- ☐ 2. Unusually large number of claims or defenses.
- ☐ 3. Factual issues are exceptionally complex
- ☐ 4. Greater than normal volume of evidence.
- ☐ 5. Extended discovery period is needed.
- ☐ 6. Problems locating or preserving evidence
- ☐ 7. Pending parallel investigations or actions by government.
- ☐ 8. Multiple use of experts.
- ☐ 9. Need for discovery outside United States boundaries.
- ☐ 10. Existence of highly technical issues and proof.

CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT $________ APPLYING IFP ________ MAG. JUDGE (IFP)________

JUDGE________ MAG. JUDGE________ (Referral) NATURE OF SUIT________ CAUSE OF ACTION________

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 444 WELFARE
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 610 AGRICULTURE
- ☐ 620 FOOD & DRUG
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 630 LIQUOR LAWS
- ☐ 640 R.R. & TRUCK
- ☐ 650 AIRLINE REGS.
- ☐ 660 OCCUPATIONAL SAFETY / HEALTH
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- ☐ 740 RAILWAY LABOR ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 810 SELECTIVE SERVICE
- ☐ 875 CUSTOMER CHALLENGE 12 USC 3410
- ☐ 891 AGRICULTURAL ACTS
- ☐ 892 ECONOMIC STABILIZATION ACT
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 894 ENERGY ALLOCATION ACT
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES
- ☑ 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ ARBITRATION (Confirm / Vacate / Order / Modify)

(Note: Mark underlying Nature of Suit as well)

*** PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23 DEMAND $ Plaintiff demands actual, statutory and punitive damages, plus attorney fees and costs

JURY DEMAND ☑ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE________________ DOCKET NO.________________

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)

- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):
- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. , WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

SIGNATURE OF ATTORNEY OF RECORD

10/21/2015
DATE

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

Rosa Mae Pritchett,

Plaintiff,

v.

Equifax Information Services, LLC; Warehouse Home Furnishings Distributors, Inc. DBA Farmers Furniture; Seventh Avenue, Inc. and Paul Mason and Associates, Inc. DBA Creditors Bankruptcy Service

Defendants.

Case No.: 3:15-cv-197-TCB-RGV

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit reports, failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

1. Plaintiff, Rosa Mae Pritchett, is natural person who resides in Coweta County, Georgia.

DEFENDANT'S EXHIBIT NO. 7 FOR IDENTIFICATION DATE 6-22-16 RPTR:
PENGAD 800-631-6989

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia.

5. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6. Defendant, Warehouse Home Furnishings Distributors, Inc. DBA Farmers Furniture (hereinafter "Farmers") does business in Georgia.

7. Defendant Farmers regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8. Defendant, Seventh Avenue, Inc. (hereinafter "Seventh") does business in Georgia.

9. Defendant Seventh regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

10. Defendant, Paul Mason and Associates, Inc. DBA Creditors Bankruptcy Service (hereinafter "Creditors") does business in Georgia.

11. Defendant Creditors uses interstate commerce or mail in business, the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

12. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331. Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

13. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

14. On May 9, 2012, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 12-11364 (hereinafter the "2012 Case").

15. On June 8, 2012, Defendant Seventh filed a Proof of Claim in the 2012 Case by and through Defendant Creditors, indicating Seventh's desire to participate in distributions from the bankruptcy estate. A true and correct copy of the relevant page(s) of this document is attached as "Exhibit A."

16. Defendant Seventh was scheduled in and paid per Plaintiff's Confirmed Bankruptcy Plan in the 2012 Case.

17. On May 14, 2012, Defendant Farmers filed a Proof of Claim in the 2012 Case, indicating Farmers' desire to participate in distributions from the bankruptcy estate. A true and correct copy of the relevant page(s) of this document is attached as "Exhibit B."

18. Defendant Farmers was also scheduled in and paid per Plaintiff's Confirmed Bankruptcy Plan in the 2012 Case.

19. Plaintiff received a discharge of her debts by Order of the Bankruptcy Court dated July 21, 2015.

20. The Seventh and Farmers debts were among the debts discharged in the 2012 Case.

21. Defendants Seventh, Farmers and Creditors were all served notice of the discharge on July 23, 2015. A true and correct copy of the Order and Certificate of Notice is attached hereto as "Exhibit C."

22. On October 14, 2015, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 15-12246 (hereinafter the "2015 Case").

23. Defendant Seventh filed a Proof of Claim in the 2015 Case by and through Defendant Creditors, indicating Seventh's desire to participate in distributions from the bankruptcy estate. The aforementioned Proof of Claim filed in the 2015 Case was for the debt previously discharged in the 2012 Case. A true and correct copy of the relevant page(s) of this document is attached as "Exhibit D."

24. The Seventh debt that was discharged in the 2012 Case was primarily for personal, family or household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. On or about September 1, 2015, Plaintiff obtained a copy of her consumer report as published by Equifax.

26. Plaintiff's Equifax consumer report contained erroneous information as provided by Defendant Farmers and published and reported by Defendant

Equifax. Specifically, Farmers and Equifax reported that Plaintiff still owed a balance of $103 to Farmers.

27. As Plaintiff's debt to Defendant Farmers was discharged in the 2012 Case, the information described above was both false and misleading.

28. In letters dated September 28, 2015, Plaintiff disputed the inaccurate and misleading information described above directly to Defendant Equifax and Defendant Farmers, and advised both of the specific facts that rendered their reporting inaccurate and misleading.

29. Upon information and belief, Defendant Equifax timely notified Defendant Farmers of the Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

30. In a document dated October 15, 2015, Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute and had made appropriate revisions to Plaintiff's file. Defendant Equifax provided a copy of the tradeline as reported that reproduced the errors identified by Plaintiff in her original dispute letter. A true and correct copy of the relevant page(s) of this document is attached as "Exhibit E."

31. On or about October 9, 2015, Plaintiff obtained a copy of her consumer report as published by Experian Information Solutions, Inc. (hereinafter "Experian"). Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

32. Plaintiff's Experian consumer report contained erroneous information as provided by Defendant Seventh and published and reported by Experian. Specifically, Defendant Seventh and Experian reported that Plaintiff still owed a balance of $209 to Seventh, and that the account had been charged off.

33. As Plaintiff's debt to Defendant Seventh was discharged in the 2012 Case, the information described above was both false and misleading.

34. In letters dated October 20, 2015, Plaintiff disputed the inaccurate and misleading information directly to both Experian and Defendant Seventh, and advised both of the specific facts that rendered the reporting inaccurate and misleading.

35. In a document dated November 2, 2015, Experian advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Experian provided a copy of the tradeline as reported that reproduced the errors identified by Plaintiff in her original dispute letter. A true and correct copy of the relevant page of this document is attached as "Exhibit F."

36. There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported by Defendant Seventh and published by Experian.

37. Defendant Equifax and Experian were required to communicate the specifics of Plaintiff's disputes to Defendant Farmers and Defendant Seventh, respectively.

38. Defendant Farmers had a duty to investigate Plaintiff's dispute and accurately report its findings to Defendant Equifax.

39. Defendant Equifax had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information, notwithstanding the information it received from Defendant Farmers.

40. Defendant Seventh had a duty to investigate Plaintiff's dispute and accurately report its findings to Experian.

41. Defendant Farmers and Defendant Seventh each have a duty to provide accurate information whenever they furnish consumer information to any consumer reporting agency.

42. Defendant Equifax is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

43. Each and all of the Defendants, independently and jointly, breached their duties as described above.

44. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the information in Plaintiff's Equifax credit file and indication on Plaintiff's Equifax consumer report that Plaintiff still owed a balance of $103 to Defendant Farmers was not appropriately deleted or modified.

45. Defendant Farmers' reporting to Equifax that Plaintiff still owed a balance of $103 to Farmers was an attempt to collect the discharged debt.

46. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable investigations of Plaintiff's disputes, the information in Plaintiff's Experian credit file and indications on Plaintiff's Experian consumer report that Plaintiff still owed a balance of $209 to Defendant Seventh, and that the debt had been charged off, were not appropriately deleted or modified.

47. Defendant Seventh's reporting to Experian that Plaintiff still owed a balance of $209 to Defendant Seventh was an attempt to collect the discharged debt.

48. Defendant Seventh provided false and misleading information to Experian in furtherance of its efforts to collect the discharged debt.

49. Defendant Seventh's filing of a Proof of Claim in the 2015 Case was an attempt to collect the discharged debt.

50. Defendant Seventh provided false and misleading information to the Bankruptcy Court in furtherance of its efforts to collect the debt.

51. Defendant Creditors' filing of a Proof of Claim in the 2015 Case was an attempt to collect the discharged debt.

52. Defendant Creditors provided false and misleading information to the Bankruptcy Court in furtherance of its efforts to collect the debt.

53. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

54. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation, mail expense, mileage expense, lost time from work incurred after her dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and humiliation, suppression of her credit score, and detriment to her credit rating.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. §§ 1681e(b) and 1681i (Equifax Information Services, LLC)

56. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

57. Defendant Equifax willfully, or alternatively negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports.

58. Defendant Equifax willfully, or alternatively negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

59. As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation mail expense, mileage expense, lost time from work incurred after her dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and humiliation, detriment to her credit rating, and

suppression of her credit score. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

60. Defendant Equifax's actions and omissions were willful, rendering Equifax liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

61. Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (Warehouse Home Furnishings Distributors, Inc. DBA Farmers Furniture)

62. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

63. Defendant Farmers willfully, or alternatively negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

64. As a result of Farmers's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation mail expense, mileage expense,

lost time from work incurred after her dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and humiliation, detriment to her credit rating, and suppression of her credit score. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

65. Defendant Farmer's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

66. Plaintiff is entitled to recover costs and attorney's fees from Defendant Farmers pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524(a)(2)
## (Warehouse Home Furnishings Distributors, Inc. DBA Farmers Furniture)

67. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

68. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

69. Defendant Farmers willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-discharge derogatory collection information, including that there was still a balance in active collection.

70. After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Defendant Farmers not only refused but re-reported the false information to Defendant Equifax.

71. Defendant Farmers' actions and omissions were willful, rendering Defendant Farmers liable for civil contempt sanctions.

## COUNT IV

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (Seventh Avenue, Inc.)

72. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

73. Defendant Seventh willfully, or alternatively negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

74. As a result of Defendant Seventh's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation mail expense, mileage expense, lost time from work incurred after her dispute and attempt to obtain correction failed, frustration and aggravation, emotional distress and

humiliation, detriment to her credit rating, and suppression of her credit score. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

75. Defendant Seventh's actions and omissions were willful, rendering Defendant Seventh liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

76. Plaintiff is entitled to recover costs and attorney's fees from Defendant Seventh Avenue pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT V**

**VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524(a)(2) (Seventh Avenue, Inc.)**

77. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

78. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

79. Defendant Seventh willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-discharge derogatory collection information, including that there was still a balance in active collection.

80. After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Defendant Seventh not only refused but re-reported the false information to Experian.

81. Defendant Seventh's actions and omissions were willful, rendering it liable for civil contempt sanctions.

**COUNT VI**

**VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION,
11 U.S.C. § 524(a)(2)
(Seventh Avenue, Inc.)**

82. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

83. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

84. Defendant Seventh willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by filing a proof of claim by and through Defendant Creditors in the 2015 Case.

85. Defendant Seventh's actions and omissions were willful, rendering Defendant Seventh liable for civil contempt sanctions.

**COUNT VII**

**VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION,**

**11 U.S.C. § 524(a)(2)**
**(Paul Mason and Associates, Inc. DBA Creditors Bankruptcy Service)**

86. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

87. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

88. Defendant Creditors willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by filing a Proof of Claim in the 2015 Case.

89. Defendant Creditors' actions and omissions were willful, rendering Defendant Creditors liable for civil contempt sanctions.

**COUNT VIII**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692 *et seq***
**(Paul Mason and Associates, Inc. DBA Creditors Bankruptcy Service)**

90. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

91. Defendant Creditors' actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. §§ 1692e(2), 1692e(5), 1692f.

92. As a result of Defendant Creditors' violations of the FDCPA, Plaintiff has suffered actual damages, including without limitation mail expense, mileage

expense, lost time from work incurred after her attempts to halt Defendant Creditors' illegal collection efforts failed, frustration and aggravation, emotional distress and humiliation. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

93. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Creditors $1,000 in statutory damages, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages pursuant to 15 U.S.C. § 1692k;

e.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

f.) Civil Contempt damages and penalties in an amount sufficient to affirm the integrity of the Orders of the Bankruptcy Court, the importance of guaranteeing the Plaintiff the "Fresh Start" she is entitled to upon discharge, and to deter future similar conduct on the part of the Defendant; and

g.) Such other and further relief as may be just and proper.

Respectfully submitted this 16th day of December, 2015.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com

EXHIBIT A

B 10 (Official Form 10) (12/11)

1609491

**UNITED STATES BANKRUPTCY COURT** NORTHERN **DISTRICT OF** GEORGIA

**PROOF OF CLAIM**

| Name of Debtor: | Case Number: |
|---|---|
| PRITCHETT, WILLIE FRANK JR. & ROSA MAE | 12-11364-WHD |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
SEVENTH AVENUE

**COURT USE ONLY**

Name and address where notices should be sent:
SEVENTH AVENUE
c/o CREDITORS BANKRUPTCY SERVICE
P. O. BOX 740933
DALLAS, TX 75374

Telephone number: (972) 644-1127 email:

❑ Check this box if this claim amends a previously filed claim.

Court Claim Number:________
(*If known*)

Filed on:________

Name and address where payment should be sent (if different from above):

Telephone number: email:

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 314.43

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** GOODS SOLD
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 6570 | **3a. Debtor may have scheduled account as:** (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❑ Real Estate ❑ Motor Vehicle ❑ Other
**Describe:**

**Value of Property:** $________

**Annual Interest Rate**____% ❑ Fixed or ❑ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $________

**Basis for perfection:** ________

**Amount of Secured Claim:** $________

**Amount Unsecured:** $________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:** $________

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11) 2

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: D. M. MASON
Title: AGENT FOR CREDITOR
Company: CREDITORS BANKRUPTCY SERVICE
Address and telephone number (if different from notice address above):

(Signature) 05/31/12 (Date)

Telephone number: email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1609491

1609491

ARC112 SEVENTH AVENUE PAGE: 1

BANKRUPTCY AUDIT REPORT FOR ACTION CODE 427 WRITTEN BANKRUPTCY NOTICE 05/18/12 02.17.57

| ACCOUNT NUMBER | NAME AND ADDRESS | BALANCE | OPEN DTE | LAST PDT | LST PYMT | ATTNY PHN | ATTORNEY NAME | CASE NUMBER |
|---|---|---|---|---|---|---|---|---|
| [redacted]6570 | ROSA M PRITCHETT | 314.43 | 20090218 | 20091001 | 50.00 | 4042353300 | MATTHEW THOMAS BERRY | 12-11364*5-9-12 |

9 WILSON CIR
NEWNAN GA 30263 5583

PRINCIPLE BAL: 237.67
FINANCE CHRG: 16.76
LATE CHRG: 60.00
NSF CHRG: 0.00

CREDITOR IS A DIRECT MAIL MERCHANT; THE MAJORITY OF ITS TRANSACTIONS, INCLUDING ACCOUNT OPENINGS, OCCUR OVER THE PHONE OR INTERNET WITHOUT A PHYSICAL SIGNATURE FROM THE CONSUMER. MOREOVER, THE COMPANY DOES NOT MAINTAIN PHYSICAL COPIES OF ACCOUNT STATEMENTS. THE COMPANY DOES RETAIN ACCOUNT INFORMATION IN ELECTRONIC FORMAT THAT IS REGULARLY GENERATED, STORED AND MAINTAINED BY THE COMPANY IN ACCORDANCE WITH GENERALLY ACCEPTED STANDARDS IN THE RETAIL AND FINANCIAL INDUSTRIES BY INDIVIDUALS THAT POSSESS THE KNOWLEDGE AND TRAINING NECESSARY TO ENSURE THE ACCURACY AND RELIABILITY OF THE RECORDS. ALTHOUGH THE COMPANY DOES NOT HAVE THE ABILITY TO READILY CREATE A REPLICA OF THE STATEMENT AS IT WAS SENT TO THE CONSUMER, THE ACCOUNT INFORMATION IS KEPT AND MAINTAINED IN THE REGULAR AND ORDINARY COURSE OF THE COMPANY'S BUSINESS, MADE AND MAINTAINED BY INDIVIDUALS WHO HAVE A BUSINESS DUTY TO MAKE THE ENTRIES ACCURATELY AT OR NEAR THE TIME OF THE EVENT THEY RECORD, OR REASONABLY SOON THEREAFTER, BY OR FROM INFORMATION TRANSMITTED BY INDIVIDUALS WITH PERSONAL KNOWLEDGE OF THE EVENT OR ACT. THE ATTACHED FORM, PREPARED FROM THE ELECTRONIC ACCOUNT RECORDS, PROVIDES A RECORD OF EVERY TRANSACTION THROUGHOUT THE LIFE OF THIS ACCOUNT AND IS, THEREFORE, FAR MORE INCLUSIVE THAN ANY SINGLE ACCOUNT STATEMENT.

| EFFECTIVE DATE | TRAN TYPE | TERMS MEMO | TRAN AMOUNT | FIN/LATE CHARGE | APPLIED PRINCIPAL | PRINCIPAL BALANCE | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| 07/07/09 | IN | | 248.95 | | 248.95 | 248.95 | 248.95 |
| 08/12/09 | FC | 48 | 4.36 | 4.36 | | 248.95 | 253.31 |
| 08/24/09 | DR | 45 | 15.00 | 15.00 | | 248.95 | 268.31 |
| 09/11/09 | FC | 48 | 4.36 | 4.36 | | 248.95 | 272.67 |
| 09/21/09 | DR | 45 | 15.00 | 15.00 | | 248.95 | 287.67 |
| 10/01/09 | PY | CH | 50.00- | 38.72- | 11.28- | 237.67 | 237.67 |
| 10/12/09 | FC | 48 | 4.28 | 4.28 | | 237.67 | 241.95 |
| 10/22/09 | DR | 45 | 15.00 | 15.00 | | 237.67 | 256.95 |
| 11/12/09 | FC | 48 | 4.16 | 4.16 | | 237.67 | 261.11 |
| 11/23/09 | DR | 45 | 15.00 | 15.00 | | 237.67 | 276.11 |
| 12/11/09 | FC | 48 | 4.16 | 4.16 | | 237.67 | 280.27 |
| 12/21/09 | DR | 45 | 15.00 | 15.00 | | 237.67 | 295.27 |
| 01/12/10 | FC | 48 | 4.16 | 4.16 | | 237.67 | 299.43 |
| 01/22/10 | DR | 45 | 15.00 | 15.00 | | 237.67 | 314.43 |

EXHIBIT B

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT Northern Georgia | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Willie pritchett Jr Rosa Pritchett | Case Number: 12-11364 | |
| NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.* | | |
| Name of Creditor (the person or other entity to whom the debtor owes money or property): FARMERS FURNITURE Newnan | | COURT USE ONLY |
| Name and address where notices should be sent: FARMERS FURNITURE CORPORATE CREDIT DEPT P.O. BOX 1140 DUBLIN, GEORGIA 31040<br>Telephone number: (800) 456-0424 email: corporatecredit@farmersfurniture.com | | ☐ Check this box if this claim amends a previously filed claim.<br>Court Claim Number: ________ (*If known*)<br>Filed on: ________ |
| Name and address where payment should be sent (if different from above):<br>Telephone number: email: | | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

1. Amount of Claim as of Date Case Filed: $ 103.36

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: GOODS SOLD
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| 0088 | (See instruction #3a) | (See instruction #3b) |

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☑ Other
Describe: SEE ATTACHED

Value of Property: $ 103.36

Annual Interest Rate 22.84 % ☑ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $________

Basis for perfection: SECURITY INTEREST

Amount of Secured Claim: $ 103.36 Net of Interest

Amount Unsecured: $________

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority: $________

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. Signature: (See instruction #8)

Check the appropriate box.

☒ I am the creditor. ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Judi Angulo
Title: Corporate Credit Dept
Company:
Address and telephone number (if different from notice address above):

Judi Angulo (Signature) 5-14-12 (Date)

Telephone number: email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Secured Claim Worksheet

12-11364

CASE # ~~10-10666~~ CASE NAME Rosa Pritchett

**INSTRUCTIONS:**

1) Attach this worksheet to the proof of claim, which should conform to Official Form 10.

2) Compute the claim as of the date on which the Debtor filed the petition initialing the case.

3) Do NOT include interest or charges that accrue after the Petition Date (the date on which the petition initialing the case was filed) in the computation of debt due on the Petition Date. A claim that accrues interest after the Petition Date for payments on secured debt not made when due after the petition date should be presented in a separate proof of claim dealing only with post-petiton claims.

4) Provide information on computation of claims as of Petition Date in the blanks below. Principal Balance and Accrued Interest MUST NOT include unearned interest. The completion and filing of this form does not prejudice a creditor's right to contest whether the creditor's interest in property of the estate is adequately protected by payments made post-petition.

| | | |
|---|---|---|
| A. | **Principal Balance** | $ 2390.86 |
| B. | **Accrued Earned Interest as of Date of Filing Petition** | $ 843.80 |
| C. | **Late Charges** | $ 468.00 |
| D. | **Earned Insurance** | $ 455.29 |
| E. | **Less Payments** | $ – 3859.00<br>$<br>$<br>$ |
| F. | **Total Claims as of Petition Date (sum of A-E) Copy to Block on Official Form 10** | $ 298.95 |

| | | |
|---|---|---|
| G. | **Amount of arrearage and other charges at time case is filed, if any included in amount on Line 4** | $ — |
| H. | **Monthly Payment** | $ 137.00 |
| I. | **# of Installments past due petition date** | — |
| J. | **Contractual Annual Interest Rate (APR)** | 22.84 % |
| L. | **Value of Collateral - Copy to Block 5 on Official Form 10** | $ ~~298.95~~ 103.36 |

FARMERS home FURNITURE

## RETAIL INSTALLMENT CONTRACT/SECURITY AGREEMENT – GEORGIA

Rev No. 01202004(ga)

____ of ____ DATE: 6/20/2007 ADDRESS 64 BULLSBORO RD, NEWNAN GA 30263

| SALES PERSON #1 | SALES PERSON #2 | NEW | ADD-ON | RE-OPEN | CASHIER |
|---|---|---|---|---|---|
| KH2153 | | | X | | 1885 |

| CUSTOMER CODE | CONTRACT CODE | PICK-UP | DELIVERY |
|---|---|---|---|
| [redacted] | [redacted] | | X |

| DEPOSIT AMOUNT | DEFERRED DEPOSIT AMT. | HOME PHONE |
|---|---|---|
| 0.00 | 0.00 | [redacted] |

| SALES ORDER # | DELIVERY DATE | CREDIT AUTHORIZATION |
|---|---|---|
| [redacted] | 6/28/2007 | MW |

BUYER PRITCHETT (LAST NAME) ROSA (FIRST NAME)
9 WILSON CIRCLE (RESIDENTIAL STREET ADDRESS)
NEWNAN (CITY) GA (STATE) 30263 (ZIP)

JOINT BUYER ____ (LAST NAME) ____ (FIRST NAME)

| QUANTITY | SKU NUMBER | SUPPLIER | STOCK # | DESCRIPTION | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| 1 | 718209105 | FRGD | FDB1050REB (BLAC | BUILT IN DISHWASHER | 349.99 | 349.99 |
| 1 | 996000849 | FRMW | AL GA NC STATE3 | 3 YEAR SERVICE PLAN | 129.95 | 129.95 |

CREDIT LIFE, ACCIDENT and HEALTH, CREDIT PROPERTY INSURANCE and/or UNEMPLOYMENT INSURANCE. The purchase of insurance is voluntary and is not required for credit. Single life insurance coverage is available at a cost of $ 37.87 for the term of the contract. Joint life insurance coverage is available at a cost of $ 0.00 for the term of the contract. Accident and Health insurance is available at a cost of $ 118.08 for the term of the contract. Property insurance, if written in connection with this purchase may be obtained by the Buyer through any person of his choice. If Buyer desires property insurance to be obtained through Seller, it is available at a cost of $ 299.34 for the term of the contract. Unemployment insurance coverage is available at a cost of $ 0.00 for the term of the contract.

I _X_ desire ____ do not desire credit life insurance coverage.
I ____ desire _X_ do not desire joint credit life insurance coverage.
I _X_ desire ____ do not desire accident and health insurance coverage.
I _X_ desire ____ do not desire credit property insurance coverage.
I ____ desire _X_ do not desire unemployment insurance coverage.

BUYER *Rosa M. Pritchett*

"THIS DOCUMENT IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF BANK OF AMERICA, N.A. (AND ITS SUCCESSOR AND ASSIGNS), AS AGENT"

| | |
|---|---|
| SUB TOTAL | $ 479.94 |
| DELIVERY CHARGE | $ 49.00 |
| INST CHARGE | $ 0.00 |
| SUB TOTAL | $ 528.94 |
| SALES TAX | $ 27.93 |
| TOTAL | $ 556.87 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after you have made all payments as scheduled | The total cost of your purchase on credit including your down payment of $ 0.00 |
| 22.84 % | $ 843.80 | $ 2,846.15 | $ 3,689.95 | $ 3,689.95 |

Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 26 *R.P.* | 137.00 | Monthly beginning: 8/1/2007 |
| 1 | 127.95 | |

The undersigned (herein called BUYER(S) whether one or more) hereby purchase from FARMERS FURNITURE (Seller) the property described above, on the terms described on front and back of this contract.

SECURITY INTEREST: Buyer(s) grant to Seller a purchase-money security interest under the Uniform Commercial Code in only the purchase price (including installation costs and sales tax) in all merchandise being purchased under this contract. Subsequent purchases of goods may, at the Seller's option, be included in and consolidated with one or more previous contracts. The amount, if any, shown in the column to the right as "Net Balance Prior Contract(s)" is the unpaid balance from a previous contract(s) Buyer(s) has with Seller, which unpaid balance (less refunded finance charges and refunded insurance charges) is being consolidated, for purposes of payment, with the balance for any new goods and services being purchased pursuant to this contract. Seller retains its security interest only in the purchase price (including installation costs and sales tax) in merchandise purchased on such previous contract(s) which has not been paid for in full as of this date. For the purpose of determining which items have been paid for, each payment shall be allocated in accordance with any mandatory provisions of applicable law, and in the absence of such provisions, each payment shall be allocated in the following order: all sales taxes, all finance charges, all insurance charges, all delinquency charges, all court costs, all dishonored payment fees, all delivery charges, all set-up or installation fees, and then to the purchase price of each item in order of earlier items paid for first, and in the case of multiple items purchased on the same day, in the order of lesser valued items paid for first. However, the amount of any down payment on this contract shall be allocated in its entirety to this contract and to the purchase price of the item(s) purchased in order of lesser-valued items paid for first. As a particular item is deemed fully paid in this manner, Seller's security interest in that item shall terminate. If Buyer fails to make the payments as agreed upon, Seller can repossess only that merchandise which has not been paid for in full. If merchandise is intended or actually is installed such that it becomes a fixture under applicable law, then Seller retains its security interest until such installation. Seller waives any security interest or lien on Buyer's dwelling to secure this Account to the extent that such a security interest may arise by operation of law or gives rise to a right of rescission under the Federal Truth-In-Lending Act. Buyer understands the purchase-money security interest language of this contract and how each payment Buyer makes will be applied in order to satisfy the lien against the property purchased under this contract.

SECURITY: You are giving a security interest in:

[X] The goods or property being purchased under this contract.

_X_ If checked, a prior purchase is consolidated in this contract and we retain that security interest as well until debt for that merchandise is paid for. This merchandise is described in:

CONTRACT NO'S. [redacted]

LATE CHARGES: Seller will charge a delinquency charge of the maximum amount allowed by law, which is currently $18.00 on any installment that is not paid within 10 days from the date such payment is due.

PREPAYMENT REBATE: Prepayment will not result in a penalty. Buyer(s) may prepay in full at any time before maturity of the unpaid balance, and in such event Buyer(s) shall receive a rebate of the unearned portion of the Finance Charge computed according to the Rule of 78's method and insurance charges (if any are included) computed in accordance with applicable laws and regulations. Prepayments will be applied first to Finance Charges, then to insurance premiums due, then to principal in order of purchase. No refund less than $1.00 will be made.

*ITEMIZATION OF AMOUNT FINANCED*

| | | |
|---|---|---|
| 1. CASH PRICE | | $ 556.87 |
| 2. TOTAL DOWN PAYMENT | | $ 0.00 |
| 3. UNPAID BALANCE of CASH PRICE | | $ 556.87 |
| 4. BALANCE OF PRIOR CONTRACT (S) | $ 1,937.85 | |
| 5. REFUND OF UNEARNED FINANCE CHARGE | $ 21.44 | |
| 6. REFUND OF UNEARNED INSURANCE CHARGES LS | $ 0.00 | |
| LJ | $ 0.00 | |
| A & H | $ 0.00 | |
| P | $ 82.42 | |
| UNEMP | $ 0.00 | |
| 7. TOTAL REFUND OF PRIOR CONTRACT (S) | $ 103.86 | |
| 8. NET BALANCE PRIOR CONTRACTS (4-7) | | $ 1,833.99 |
| 9. TOTALS OF LINE 3 and LINE 8 | | $ 2,390.86 |
| 10. CREDIT LIFE INSURANCE SINGLE* | $ 37.87 | |
| 11. CREDIT LIFE INSURANCE JOINT* | $ 0.00 | |
| 12. ACCIDENT AND HEALTH INSURANCE* | $ 118.08 | |
| 13. PROPERTY INSURANCE* | $ 299.34 | |
| 14. UNEMPLOYMENT INSURANCE* | $ 0.00 | |
| 15. TOTAL OTHER CHARGES (Lines 10 through 14) | | $ 455.29 |
| 16. UNPAID BALANCE AMOUNT FINANCED (Total of Lines 9 and 15) | | $ 2,846.15 |

* Paid to an insurance company on Buyer's behalf with a commission retained by Seller.

This agreement is subject to the credit of the Buyer(s) being acceptable to Seller.

NOTICE TO BUYER(S): Do not sign this before you read it (and the incorporated Arbitration Provision) or if it contains any blank spaces. You are entitled to an exact copy of the contract that you sign. You have the right to pay in advance the full amount due and under certain conditions to obtain a partial refund of the time price differential.

RECEIPT AND READING OF A COPY OF THIS CONTRACT HEREBY ACKNOWLEDGED.

BUYER *Rosa M. Pritchett* (L.S.) JOINT BUYER ____ (L.S.)

DATE *6-20-07* DATE ____

NOTICE: SEE OTHER SIDE FOR ADDITIONAL CONTRACT PROVISIONS

SELLER Farmers Furniture BY *Mary Watkins* (L.S.)

TITLE *Credit Mgr.*

EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**

**Northern District of Georgia**

In Re: Debtor(s)
**Willie Frank Pritchett Jr.**
9 Wilson Circle
Newnan, GA 30263

**xxx–xx–9940**

**Rosa Mae Pritchett**
9 Wilson Circle
Newnan, GA 30263

**xxx–xx–3857**

Case No.: **12–11364–whd**
Chapter: **13**
Judge: **W. Homer Drake**

**ORDER DISCHARGING DEBTOR(S) AFTER COMPLETION OF CHAPTER 13 PLAN**

The court finds that the debtor(s) filed a petition under title 11, United States Code, on May 9, 2012, that the plan of the debtor(s) has been confirmed, and that the debtor(s) has fulfilled all requirements under the plan.

**IT IS ORDERED THAT:**

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor(s) is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

a. provided for under 11 U.S.C. Section 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due;

b. in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor(s) in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. Section 523(a)(5);

c. for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);

d. for a death or personal injury caused by the unlawful operation of a motor vehicle by the debtor(s) while intoxicated from using alcohol, drug, or other substance, as specified in 11 U.S.C. Section 523(a)(9), in a bankruptcy case filed on or after November 15, 1990;

e. for restitution included in a sentence on the conviction of a crime by the debtor(s) in a case filed on or after November 15, 1990.

f. for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. Section 1328(d), the debtor(s) is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the trustee of the incurring such debt by the debtor(s) was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, the debtor(s) is not discharged from any debt made non–dischargeable by 18 U.S.C. Section 3613(f), by certain provisions of titles 10, 37, 38, 42 and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

**IT IS FURTHER ORDERED THAT:**

Any employer of the debtor(s) against which a Chapter 13 Employer Deduction Order is in effect shall cease immediately withholding from the wages, salary, commissions, or other earnings or income of the debtor any monies on account of the Chapter 13 case.

The attorney for the debtor(s) shall serve a copy of this Order upon any employer of the debtor who is subject to an Employer Deduction Order.

W. Homer Drake
United States Bankruptcy Judge

Dated: July 21, 2015

Form 213

United States Bankruptcy Court
Northern District of Georgia

In re:
Willie Frank Pritchett, Jr.
Rosa Mae Pritchett
Debtors

Case No. 12-11364-whd
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 113E-7 User: campbelt Page 1 of 3 Date Rcvd: Jul 21, 2015
Form ID: 213 Total Noticed: 72

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 23, 2015.

| | |
|---|---|
| db/jtdb | +Willie Frank Pritchett, Jr., Rosa Mae Pritchett, 9 Wilson Circle, Newnan, GA 30263-5583 |
| aty | +Lisa F. Caplan, Rubin Lublin, LLC, Suite 150, 3740 Davinci Court, Peachtree Corners, GA 30092-7614 |
| 15825533 | +1st Franklin, 8 Greenville St, Newman, GA 30263-2654 |
| 15825535 | +Allied Collection & Credit Bureau, PO Box 640, Hoschton, GA 30548-0640 |
| 15825536 | +Allied Collections & Credit Bureau, PO Box 640, Hoschton, GA 30548-0640 |
| 15825537 | +Allied Interstate, PO Box 15548, Wilmington, DE 19886-5548 |
| 15825538 | Allied Interstate, 3000 Corporate Executive, Columbus, OH 43231 |
| 15825539 | +Allied Interstate, Inc, Po Box 361774, Columbus, OH 43236-1774 |
| 15825540 | Asset Care, PO Box 15380, Wilmington, DE 19850 |
| 15825550 | +Coweta Cities & CTNY, PO Box 71063, Newnan, GA 30271-1063 |
| 15825551 | +Coweta County Tax Comm., 22 East Broad Street, Newnan GA 30263-1973 |
| 16067247 | Coweta County Tax Commissioner J. T. Ferrell, P.O. Box 195, Newnan, GA 30264-0195 |
| 15825552 | +Credit Bureau Centre, PO Box 273, Monroe, WI 53566-0273 |
| 15825556 | +Elite Recovery Service, PO Box 3474, Buffalo, NY 14240-3474 |
| 15825560 | +Ginnys/Swiss Colony, 1112 7th Ave, Monroe, WI 53566-1364 |
| 15825565 | +Madison Credit, Bureau Associates, Inc., 164 S Main Street, Madison, GA 30650-1352 |
| 15825567 | +Mcb Collection Service/Medical Data Syst, 2150 15th Ave, Vero Beach, FL 32960-3436 |
| 15825569 | +Medical Revenue Serv., PO Box 1149, Sebring, FL 33871-1149 |
| 15825570 | +Midland Funding, LLC, PO Box 18008, Hauppauge, NY 11788 |
| 15825571 | NCO Financial, P.O. Box 7602, Ft. Washington, PA 19034 |
| 15825573 | #Piedmont Newnan Hospital, PO Box 997, Newnan, GA 30264-0997 |
| 15825577 | Seventh Avenue, 1112 7th Avenue, Monroe, WI 53566-1364 |
| 15920319 | +Seventh Avenue, c/o Creditors Bankruptcy Service, P.O. Box 740933, Dallas, TX 75374-0933 |
| 15933238 | +The Bank of New York Mellon, P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 15825580 | +Trauner Cohen & Thomas, 2880 Dresden Drive, Atlanta, GA 30341-3920 |
| 15825582 | +Vital Care Transports, 794 N. Hwy 29, Newnan, GA 30263-4734 |
| 15825590 | +Wyrhsr Mtg/Select Portfolio Servicing, PO Box 65250, Salt Lake City, UT 84165-0250 |

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

| | |
|---|---|
| tr | +E-mail/Text: bnc@13trusteeatlanta.com Jul 21 2015 21:45:31 Adam M. Goodman, Adam M. Goodman, 13 Trustee, Suite 200, 260 Peachtree Street, Atlanta, GA 30303-1236 |
| cr | +E-mail/Text: corporatecredit@farmersfurniture.com Jul 21 2015 21:47:13 Farmers Furniture, Inc., PO Box 1140, Dublin, GA 31040-1140 |
| cr | EDI: Q3G.COM Jul 21 2015 21:03:00 Quantum3 Group LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 16068983 | +EDI: AARGON.COM Jul 21 2015 21:03:00 Aargon Agency As Agent For Dj Orthopedics Llc, Dj Orthopedics Llc, 8668 Spring Mountain Rd, Las Vegas, NV 89117-4132 |
| 15825534 | +EDI: AARGON.COM Jul 21 2015 21:03:00 Aargon Collection Agency, 3025 West Sahara Ave, Las Vegas, NV 89102-6094 |
| 16009180 | EDI: AIS.COM Jul 21 2015 21:08:00 American InfoSource LP as agent for, InSolve Recovery, LLC, PO Box 269093, Oklahoma City, OK 73126-9093 |
| 15825541 | EDI: BANKAMER.COM Jul 21 2015 21:03:00 Bank Of America, Attention: Recovery Department, 4161 Peidmont Pkwy., Greensboro, NC 27410 |
| 15825542 | EDI: BANKAMER.COM Jul 21 2015 21:03:00 Bank Of America, N.a., 4161 Piedmont Parkway, Greensboro, NC 27410 |
| 15970801 | E-mail/Text: bankruptcy@bbandt.com Jul 21 2015 21:46:18 BB&T, Regional Acceptance Corporation, Bankruptcy Section, PO Box 1847, Wilson, NC 27894 |
| 15825548 | EDI: CITICORP.COM Jul 21 2015 21:03:00 Citibank Usa, CITICORP CREDIT SERVICES/ATTN: CENTRALIZ, PO Box 20363, Kansas City, MO 64195 |
| 16092115 | EDI: RESURGENT.COM Jul 21 2015 21:03:00 CVF Consumer Acquisition Company, c/o Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 15825543 | +E-mail/Text: bankruptcy@cavps.com Jul 21 2015 21:47:45 Calvary Portfolio Service LLC, P.O. BOx 1030, Hawthorne, NY 10532-7509 |
| 15825544 | +E-mail/Text: bankruptcy@cavps.com Jul 21 2015 21:47:45 Calvary Portfolio Services, 7 Skyline Drive, Hawthorne, NY 10532-2156 |
| 15860080 | +E-mail/Text: bankruptcy@cavps.com Jul 21 2015 21:47:45 Cavalry Portfolio Services, LLC, 500 Summit Lake Drive Suite 400, Valhalla, NY 10595-2322 |
| 15825545 | +EDI: CHASE.COM Jul 21 2015 21:08:00 Chase, P.O. BOx 15153, Wilmington, DE 19886-5153 |
| 15825546 | +EDI: CHASE.COM Jul 21 2015 21:08:00 Chase - Cc, Po Box 15298, Wilmington, DE 19850-5298 |
| 15825547 | EDI: CITICORP.COM Jul 21 2015 21:03:00 Citibank, P. O. Box 6305, The Lakes, NV 88901-6305 |
| 15825549 | +E-mail/Text: support@cowetacreditunion.com Jul 21 2015 21:48:57 Coweta Cities & Cnty EFCU, Po Box 71063, Newnan, GA 30271-1063 |
| 15825553 | +EDI: CCS.COM Jul 21 2015 21:03:00 Credit Collection Services, Two Wells Avenue, Dept 9135, Newton, MA 02459-3225 |
| 15825554 | +EDI: CMIGROUP.COM Jul 21 2015 21:03:00 Credit Management Lp, 4200 International Pkwy, Carrollton, TX 75007-1912 |
| 15825555 | EDI: DISCOVER.COM Jul 21 2015 21:03:00 Discover Financial Services, PO Box 15316, Wilmington, DE 19850-5316 |
| 15825557 | E-mail/Text: corporatecredit@farmersfurniture.com Jul 21 2015 21:47:13 Farmers Furniture, Attention: Bankruptcy, 1851 Tellfair St., Dublin, GA 31021 |

District/off: 113E-7 User: campbelt Page 2 of 3 Date Rcvd: Jul 21, 2015
Form ID: 213 Total Noticed: 72

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

15825558 E-mail/Text: corporatecredit@farmersfurniture.com Jul 21 2015 21:47:13 Farmers Furniture, Corporate Credit Dept, PO Box 1140, Dublin, GA 31040
15825559 +EDI: GMACFS.COM Jul 21 2015 21:03:00 G M A C, PO Box 130424, Roseville, MN 55113-0004
15825561 +EDI: HFC.COM Jul 21 2015 21:03:00 Hsbc Bank, ATTN: BANKRUPTCY, PO Box 5213, Carol Stream, IL 60197-5213
15825562 +EDI: WFNNB.COM Jul 21 2015 21:03:00 Jessical London, PO Box 182118, Columbus, OH 43218-2118
15825563 +EDI: RESURGENT.COM Jul 21 2015 21:03:00 LVNV Funding, PO Box 10584, Greenville, SC 29603-0584
15825564 EDI: RESURGENT.COM Jul 21 2015 21:03:00 LVNV Funding LLC, PO Box 10465, Greenville, SC 29603-0465
18743947 EDI: RESURGENT.COM Jul 21 2015 21:03:00 LVNV Funding LLC, c/o Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587
15825568 +EDI: TSYS2.COM Jul 21 2015 21:03:00 Mcydsnb, 9111 Duke Blvd, Mason, OH 45040-8999
15844710 +E-mail/Text: bankruptcy@onlineis.com Jul 21 2015 21:48:16 NULINK, c/o ONLINE Collections, PO Box 1489, Winterville, NC 28590-1489
15825572 +E-mail/Text: bankruptcy@onlineis.com Jul 21 2015 21:48:16 Online Collections, Attn: Tracy, PO Box 1489, Winterville, NC 28590-1489
15849358 EDI: Q3G.COM Jul 21 2015 21:03:00 Quantum3 Group LLC as agent for, Elite Recovery Acquisitions LLC, PO Box 788, Kirkland, WA 98083-0788
15825575 +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Jul 21 2015 22:10:35 Regional Acceptance, 2300 Pleasant Hill Rd, Duluth, GA 30096-1703
15974271 E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Jul 21 2015 22:10:35 Regional Acceptance Corporation, PO Box 1847, Wilson, NC 27894-1847
15825576 +EDI: SEARS.COM Jul 21 2015 21:03:00 Sears, PO Box 3671, Des Moines, IA 50323-0671
15825578 +E-mail/Text: lrhodes@summittotalhealth.com Jul 21 2015 21:48:10 Summit Urgent Care, 1755 Highway 34 E., Newnan, GA 30265-5631
15825579 +EDI: WTRRNBANK.COM Jul 21 2015 21:03:00 Target Credit Card (TC), C/O Financial & Retail Services, Mailstop BT P.O. Box 9475, Minneapolis, MN 55440-9475
15825581 EDI: AFNIVZWIRE.COM Jul 21 2015 21:03:00 Verizon Wireless, P.O. Box 660108, Dallas, TX 75266-0108
15825583 +EDI: WFFC.COM Jul 21 2015 21:03:00 Wellsfargo, 800 Walnut St, Des Moines, IA 50309-3605
15825585 +EDI: WFFC.COM Jul 21 2015 21:03:00 Wf Fin Bank, Attention: Bankruptcy, PO Box 10438, Des Moines, IA 50306-0438
15825587 +EDI: WFNNB.COM Jul 21 2015 21:03:00 Wfnnb/Jessica London, Attention: Bankruptcy, P.O. Box 182685, Columbus, OH 43218-2685
15825586 +EDI: WFNNB.COM Jul 21 2015 21:03:00 Wfnnb/chadwk, Attn: Bankruptcy, PO Box 182685, Columbus, OH 43218-2685
15825588 +EDI: WFNNB.COM Jul 21 2015 21:03:00 Wfnnb/woman, Attention: Bankruptcy, PO Box 182685, Columbus, OH 43218-2685
15825589 EDI: WFNNB.COM Jul 21 2015 21:03:00 World Financial Network, PO Box 182124, Columbus, OH 43218-2124

TOTAL: 45

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

aty* +Adam M. Goodman, Adam M. Goodman, 13 Trustee, Suite 200, 260 Peachtree Street, Atlanta, GA 30303-1236
aty* +Lisa F. Caplan, Rubin Lublin, LLC, Suite 150, 3740 Davinci Court, Peachtree Corners, GA 30092-7614
aty* +Lisa F. Caplan, Rubin Lublin, LLC, Suite 150, 3740 Davinci Court, Peachtree Corners, GA 30092-7614
cr* LVNV Funding LLC, c/o Resurgent Capital Services, P.O. Box 10587, GREENVILLE, SC 29603-0587
15825566 ##+Mason, PO Box 77001, Madison, WI 53707-1001
15825574 ##+Radiological Service of Newnan, PO Box 1158, Newnan, GA 30264-1158
15825584 ##+Westside Auto Pawn, 10-C Franklin Road, Newnan, GA 30263-1701

TOTALS: 0, * 4, ## 3

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

District/off: 113E-7 User: campbelt Page 3 of 3 Date Rcvd: Jul 21, 2015
Form ID: 213 Total Noticed: 72

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 23, 2015 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 21, 2015 at the address(es) listed below:

Adam M. Goodman cdsummary@13trusteeatlanta.com;cdbackup@13trusteeatlanta.com
Adam M. Goodman on behalf of Trustee Adam M. Goodman cdsummary@13trusteeatlanta.com;cdbackup@13trusteeatlanta.com
Jayson R. Davis on behalf of Debtor Willie Frank Pritchett, Jr. E-Notice@mattberry.com
Jayson R. Davis on behalf of Joint Debtor Rosa Mae Pritchett E-Notice@mattberry.com
Lisa F. Caplan on behalf of Creditor SELECT PORTFOLIO SERVICING INC lcaplan@rubinlublin.com, ssullivan@rubinlublin.com;vbaggett@rubinlublin.com;nbrown@rubinlublin.com
Lisa F. Caplan on behalf of Creditor The Bank of New York Mellon, f/k/a The Bank of New York lcaplan@rubinlublin.com, ssullivan@rubinlublin.com;dhudson@rubinlublin.com;nbrown@rubinlublin.com
Lisa F. Caplan on behalf of Creditor THE BANK OF NEW YORK MELLON lcaplan@rubinlublin.com, ssullivan@rubinlublin.com;vbaggett@rubinlublin.com;nbrown@rubinlublin.com
Matthew Thomas Berry on behalf of Debtor Willie Frank Pritchett, Jr. E-Notice@mattberry.com
Matthew Thomas Berry on behalf of Joint Debtor Rosa Mae Pritchett E-Notice@mattberry.com
Susan H. Shiptenko on behalf of Joint Debtor Rosa Mae Pritchett E-Notice@mattberry.com
Susan H. Shiptenko on behalf of Debtor Willie Frank Pritchett, Jr. E-Notice@mattberry.com
Timothy Howell Paschall on behalf of Debtor Willie Frank Pritchett, Jr. E-Notice@mattberry.com
Timothy Howell Paschall on behalf of Joint Debtor Rosa Mae Pritchett E-Notice@mattberry.com

TOTAL: 13

B 10 (Official Form 10) (12/11)

1609491

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: PRITCHETT, WILLIE FRANK JR. & ROSA MAE | Case Number: 15-12246-WHD | |
| NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.* | | |
| Name of Creditor (the person or other entity to whom the debtor owes money or property): SEVENTH AVENUE | | COURT USE ONLY |
| Name and address where notices should be sent: SEVENTH AVENUE c/o CREDITORS BANKRUPTCY SERVICE P. O. BOX 800849 DALLAS, TX 75380<br>Telephone number: (972) 644-1127 email: | | ❒ Check this box if this claim amends a previously filed claim.<br>Court Claim Number:______ (*If known*)<br>Filed on:______ |
| Name and address where payment should be sent (if different from above):<br>Telephone number: email: | | ❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:** $ 209.79

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** GOODS SOLD
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 6570 | **3a. Debtor may have scheduled account as:** ______ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** ______ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❒ Real Estate ❒ Motor Vehicle ❒ Other
**Describe:**

**Value of Property:** $______

**Annual Interest Rate**____% ❒ Fixed or ❒ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $______

**Basis for perfection:** ______

**Amount of Secured Claim:** $______

**Amount Unsecured:** $______

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❒ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❒ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507 (a)(4).

❒ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

❒ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

❒ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

❒ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:** $______

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: M. E. BENNETT
Title: AGENT FOR CREDITOR
Company: CREDITORS BANKRUPTCY SERVICE
Address and telephone number (if different from notice address above):

(Signature) 11/12/15 (Date)

Telephone number: email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1609491

ARC112 SEVENTH AVENUE PAGE: 1

BANKRUPTCY AUDIT REPORT FOR ACTION CODE 427 WRITTEN BANKRUPTCY NOTICE 11/04/15 01.48.37

| ACCOUNT NUMBER | NAME AND ADDRESS | BALANCE | OPEN DTE | LAST PDT | LST PYMT | ATTNY PHN | ATTORNEY NAME | CASE NUMBER |
|---|---|---|---|---|---|---|---|---|
| [redacted]6570 | ROSA M PRITCHETT | 209.79 | 20090218 | 20150709 | 15.74 | 4042353300 | MATTHEW BERRY | 15-12246*10/14/15 |

9 WILSON CIR
NEWNAN GA 30263 5583

PRINCIPLE BAL: 209.79
FINANCE CHRG: 0.00
LATE CHRG: 0.00
NSF CHRG: 0.00

CREDITOR IS A DIRECT MAIL MERCHANT; THE MAJORITY OF ITS TRANSACTIONS, INCLUDING ACCOUNT OPENINGS, OCCUR OVER THE PHONE OR INTERNET WITHOUT A PHYSICAL SIGNATURE FROM THE CONSUMER. MOREOVER, THE COMPANY DOES NOT MAINTAIN PHYSICAL COPIES OF ACCOUNT STATEMENTS. THE COMPANY DOES RETAIN ACCOUNT INFORMATION IN ELECTRONIC FORMAT THAT IS REGULARLY GENERATED, STORED AND MAINTAINED BY THE COMPANY IN ACCORDANCE WITH GENERALLY ACCEPTED STANDARDS IN THE RETAIL AND FINANCIAL INDUSTRIES BY INDIVIDUALS THAT POSSESS THE KNOWLEDGE AND TRAINING NECESSARY TO ENSURE THE ACCURACY AND RELIABILITY OF THE RECORDS. ALTHOUGH THE COMPANY DOES NOT HAVE THE ABILITY TO READILY CREATE A REPLICA OF THE STATEMENT AS IT WAS SENT TO THE CONSUMER, THE ACCOUNT INFORMATION IS KEPT AND MAINTAINED IN THE REGULAR AND ORDINARY COURSE OF THE COMPANY'S BUSINESS, MADE AND MAINTAINED BY INDIVIDUALS WHO HAVE A BUSINESS DUTY TO MAKE THE ENTRIES ACCURATELY AT OR NEAR THE TIME OF THE EVENT THEY RECORD, OR REASONABLY SOON THEREAFTER, BY OR FROM INFORMATION TRANSMITTED BY INDIVIDUALS WITH PERSONAL KNOWLEDGE OF THE EVENT OR ACT. THE ATTACHED FORM, PREPARED FROM THE ELECTRONIC ACCOUNT RECORDS, PROVIDES A RECORD OF EVERY TRANSACTION THROUGHOUT THE LIFE OF THIS ACCOUNT AND IS, THEREFORE, FAR MORE INCLUSIVE THAN ANY SINGLE ACCOUNT STATEMENT.

| EFFECTIVE DATE | TRAN TYPE | TERMS MEMO | TRAN AMOUNT | FIN/LATE CHARGE | APPLIED PRINCIPAL | PRINCIPAL BALANCE | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| 07/07/09 | IN | | 248.95 | | 248.95 | 248.95 | 248.95 |
| 08/12/09 | FC | 48 | 4.36 | 4.36 | | 248.95 | 253.31 |
| 08/24/09 | DR | 45 | 15.00 | 15.00 | | 248.95 | 268.31 |
| 09/11/09 | FC | 48 | 4.36 | 4.36 | | 248.95 | 272.67 |
| 09/21/09 | DR | 45 | 15.00 | 15.00 | | 248.95 | 287.67 |
| 10/01/09 | PY | CH | 50.00- | 38.72- | 11.28- | 237.67 | 237.67 |
| 10/12/09 | FC | 48 | 4.28 | 4.28 | | 237.67 | 241.95 |
| 10/22/09 | DR | 45 | 15.00 | 15.00 | | 237.67 | 256.95 |
| 11/12/09 | FC | 48 | 4.16 | 4.16 | | 237.67 | 261.11 |
| 11/23/09 | DR | 45 | 15.00 | 15.00 | | 237.67 | 276.11 |
| 12/11/09 | FC | 48 | 4.16 | 4.16 | | 237.67 | 280.27 |
| 12/21/09 | DR | 45 | 15.00 | 15.00 | | 237.67 | 295.27 |
| 01/12/10 | FC | 48 | 4.16 | 4.16 | | 237.67 | 299.43 |
| 01/22/10 | DR | 45 | 15.00 | 15.00 | | 237.67 | 314.43 |
| 02/05/15 | PY | CO | 25.26- | 25.26- | | 237.67 | 289.17 |
| 04/06/15 | PY | CO | 15.91- | 15.91- | | 237.67 | 273.26 |
| 05/04/15 | PY | CO | 31.82- | 31.82- | | 237.67 | 241.44 |
| 06/03/15 | PY | CO | 15.91- | 3.77- | 12.14- | 225.53 | 225.53 |
| 07/09/15 | PY | CO | 15.74- | | 15.74- | 209.79 | 209.79 |

**EQUIFAX**

## *CREDIT FILE : October 15, 2015*
## *Confirmation # 5278046593*

P. O. Box 105518
Atlanta, GA 30348

000005576 F0ECA1016150225380000 01 000000
002054466-2942
Rosa M Pritchett
9 Wilson Cir
Newnan, GA 30263-5583

Dear Rosa M Pritchett:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

### *The Results Of Our Reinvestigation*

### *Public Record Information* *(This section includes public record items obtained from local, state and federal courts.)*

>>> ***We have reviewed the bankruptcy information. Case or ID # - 1211364 The results are:*** This bankruptcy is currently reporting as discharged. If you have additional questions about this item please contact: ***GA FED Bk CT-Newnan, 18 Greenville St, Newnan GA 30264-3084 Phone: (770) 251-5583***

Wage Earner Plan Filed 05/2012; US Bankruptcy Court-Newnan; Case or ID # - 1211364; Type - Personal; Filer - Joint; Current Disposition - Discharged CH-13; Current Disposition Date 07/21/2015; Date Reported 07/22/2015; Prior Disposition - CH-13 Filed; **Address:** 18 GREENVILLE ST NEWNAN, GA 30264-3084 : (770) 251-5583

### *Credit Account Information*
*(For your security, the last 4 digits of account number(s) have been replaced by *) (This section includes open and closed accounts reported by credit grantors)*

| | | | |
|---|---|---|---|
| ***Account History Status Code Descriptions*** | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |

>>> ***We have researched the credit account. Account # - 62078* The results are:*** This account is currently reporting included in bankruptcy. If you have additional questions about this item please contact: ***Farmers Furniture Inc., PO Box 1140, Dublin GA 31040-1140 Phone: (912) 275-3150***

( Continued On Next Page )

**Farmers Furniture Inc, PO Box 1140 Dublin GA 31040-1140 - (912) 275-3150**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 62078* | 06/20/2007 | $3,690 | $0 | | Monthly | 58 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/31/2012 | $103 | $242 | 11/2009 | $0 | $137 | 12/2009 | | 05/2012 | $0 | | $0 | | |

Status - Included In Wage Earner Plan; Type of Loan - Installment Sales Contract; Whose Account - Individual Account; ADDITIONAL INFORMATION - Bankruptcy Chapter 13; Bankruptcy Petition;

>>> ***We have researched the credit account. Account # - 277878533* The results are:*** This account has been updated to show included in bankruptcy/included in bankruptcy of another person. If you have additional questions about this item please contact: ***The Loan Servicing Center, Customer Support Unit, PO Box 551170, Jacksonville FL 32255-1170***

**Select Portfolio Servicing,Inc 3815 S West Temple Salt Lake City UT 84115-4412 - (800) 258-8602**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 277878533* | 05/01/2001 | $112,100 | $0 | 30Y | Monthly | 99 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/15/2015 | $91,853 | $6,454 | 09/2015 | $0 | $942 | 08/2009 | | | $0 | | $0 | | |

Status - Included In Wage Earner Plan; Type of Loan - Conventional Re Mortgage; Whose Account - Joint Account; ADDITIONAL INFORMATION - Bankruptcy Chapter 13;

| Account History with Status Codes | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 | 03/2009 | 02/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |

>>> ***We have researched the credit account. Account # - 528200ID2* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***Coweta Cities & County, 57 JEFFERSON Pkwy # A, Employees FED Credit Union, Newnan GA 30263-5813 Phone: (770) 253-2273***

>>> ***We have researched the credit account. Account # - 528200ID2* The results are:*** This account has been updated to show included in bankruptcy/included in bankruptcy of another person. Historical account information was deleted from this account. If you have additional questions about this item please contact: ***Coweta Cities & County, 57 JEFFERSON Pkwy # A, Employees FED Credit Union, Newnan GA 30263-5813 Phone: (770) 253-2273***

**Coweta Cities & County 57 Jefferson Pkwy # A Employees Fed Credit Union Newnan GA 30263-5813 - (770) 253-2273**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 528200ID2* | 11/01/2009 | $0 | $0 | 4M | Monthly | 69 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/01/2015 | $210 | $233 | 06/2015 | $0 | $132 | 03/2010 | | 06/2010 | $0 | | $0 | | |

Status - Included In Wage Earner Plan; Type of Loan - Unsecured; Whose Account - Individual Account; ADDITIONAL INFORMATION - ; Bankruptcy Chapter 13;

**Account History with Status Codes**

| 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 01/2012 | 12/2011 | 11/2011 | 10/2011 | 04/2010 | 03/2010 |
|---|---|---|---|---|---|
| L | L | L | L | 2 | 1 |

>>> ***We have researched the credit account. Account # - 528200ID2* The results are:*** This item has been deleted from the credit file. If you have additional questions about this item please contact: ***Coweta Cities & County, 57 JEFFERSON Pkwy # A, Employees FED Credit Union, Newnan GA 30263-5813 Phone: (770) 253-2273***

( Continued On Next Page )

Experian
A world of insight

Prepared for: **ROSA MAE PRITCHETT**
Date: **November 02, 2015**
Report number: **2419-5488-66**



Your accounts that may be considered negative (continued)

Payment history

| 2014 | | | | | | | | | | | | 2013 | | | | | | | | | | | | 2012 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT |
| CLS | CO | CO | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($) DPR = Date payment received SPA = Scheduled payment amount ($) AAP = Actual amount paid ($)

| | Nov14 | Oct14 |
|---|---|---|
| AB | 70 | 70 |
| DPR | Oct21 | Oct21 |
| SPA | ND | ND |
| AAP | ND | 333 |

*The original amount of this account was $25,060*

| | | | | | |
|---|---|---|---|---|---|
| SELECT PORTFOLIO SERVICING<br>3815 S WEST TEMPLE STE 2000<br>SALT LAKE CITY UT 84115<br>**Phone number**<br>(801) 293 1883<br>**Partial account number**<br>277878533....<br>**Address identification number**<br>0065798385 | **Date opened**<br>May 2001<br>**First reported**<br>Oct 2008<br>**Date of status**<br>Oct 2015 | **Type**<br>Mortgage<br>**Terms**<br>Not reported<br>**Monthly payment**<br>$942 | **Credit limit or original amount**<br>$112,100<br>**High balance**<br>Not reported | **Recent balance**<br>$91,427 as of Oct 2015 | **Responsibility**<br>Joint with<br>WILLIE F PRITCHETT Jr<br>**Status**<br>Petition for Chapter 13 Bankruptcy. $5,465 past due as of Oct 2015.<br>By Jun 2016, this account is scheduled to go to a positive status.<br>**Account History**<br>Filed Chapter 13 Bankruptcy on Oct 22, 2015. |

Payment history

| 2015 | | | | | | | | | 2014 | | | | | | | | | | | | 2013 | | | | | | | | | | | | 2012 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR |
| 180 | 180 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | [illegible] | ND |

| | | | 2011 | | | | | | | | | | | | 2010 | | | | | | | | | | | | 2009 | | | | | | | | | | | | 2008 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT |
| ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | ND | ND | ND | ND | ND | ND | ND | ND | OK | OK |

| | | | | | |
|---|---|---|---|---|---|
| SEVENTH AVENUE<br>1112 7TH AVE<br>MONROE WI 53566<br>**Phone number**<br>(800) 218 6843<br>**Partial account number**<br>786133076....<br>**Address identification number**<br>0065798385 | **Date opened**<br>Feb 2009<br>**First reported**<br>Feb 2010<br>**Date of status**<br>Jul 2015 | **Type**<br>Charge Card<br>**Terms**<br>Not reported<br>**Monthly payment**<br>Not reported | **Credit limit or original amount**<br>Not reported<br>**High balance**<br>$314 | **Recent balance**<br>$0 as of Oct 2015 | **Responsibility**<br>Individual<br>**Status**<br>Discharged through Bankruptcy Chapter 13.<br>This account is scheduled to continue on record until Nov 2016.<br>This item was updated from our processing of your dispute in Oct 2015.<br>**Account History**<br>Debt included in Chapter 13 Bankruptcy on July 21, 2015. |



2262-02-00-0000902-0004-0007361

Experian
A world of insight

Prepared for: **ROSA MAE PRITCHETT**
Date: **November 02, 2015**
Report number: **2419-5488-66**



Your accounts that may be considered negative (continued)

Payment history

| 2015 | | | | | | 2014 | | | | | | | | | | | | 2013 | | | | | | | | | | | | 2012 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
| CO | CO | CO | CO | CO | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2011 | | | | | | | | | | | | 2010 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB |
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($) DPR = Date payment received SPA = Scheduled payment amount ($) AAP = Actual amount paid ($)

| | Sep15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 |
|---|---|---|---|---|---|---|---|---|
| AB | 209 | 209 | 209 | 225 | 241 | 273 | 289 | 289 |
| DPR | Jul09 | Jul09 | Jul09 | Jun03 | May04 | Apr06 | Feb05 | Feb05 |
| SPA | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP | ND | ND | 15 | 15 | 31 | 15 | ND | 25 |

*Between Feb 2015 and Sep 2015, your credit limit/high balance was $314*

**SYNCB/BELK**
PO BOX 965028
ORLANDO FL 32896
**Phone number**
(800) 669 6550
**Partial account number**
604583156374....
**Address identification number**
0065798385

**Date opened**
Sep 2015
**First reported**
Sep 2015
**Date of status**
Oct 2015

**Type**
Charge Card
**Terms**
Not reported
**Monthly payment**
$29

**Credit limit or original amount**
Not reported
**High balance**
$118

**Recent balance**
$0 /paid as of Oct 2015
**Recent payment**
$50

**Responsibility**
Individual
**Status**
Petition for Chapter 13 Bankruptcy/Never late.
This account is scheduled to continue on record until Oct 2022.
**Account History**
Filed Chapter 13 Bankruptcy on Oct 16, 2015.

Payment history

| 2015 |
|---|
| SEP |
| OK |

Account history - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($) DPR = Date payment received SPA = Scheduled payment amount ($) AAP = Actual amount paid ($)

| | Sep15 |
|---|---|
| AB | 91 |
| DPR | ND |
| SPA | 25 |
| AAP | ND |

*As of Sep 2015 your credit limit/high balance was $500*

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Rosa Mae Pritchett

## DEFENDANT(S)

Equifax Information Services, LLC; Warehouse Home Furnishings Distributors, Inc. DBA Farmers Furniture; Seventh Avenue, Inc.; and, Paul Mason and Associates, Inc. DBA Creditors Bankruptcy Service

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Coweta
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Fulton
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Matthew T. Berry
2751 Buford Highway, Suite 400
Atlanta, Georgia 30324
(404) 235-3334
matt@mattberry.com

Paul J. Sieg
2751 Buford Highway, #400
Atlanta, Georgia 30324
(404) 235-3305
psieg@mattberry.com

## ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. GOVERNMENT PLAINTIFF
- ☑ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- ☐ 2 U.S. GOVERNMENT DEFENDANT
- ☐ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☑ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☐ 2 | ☐ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☑ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

- ☑ 1 ORIGINAL PROCEEDING
- ☐ 2 REMOVED FROM STATE COURT
- ☐ 3 REMANDED FROM APPELLATE COURT
- ☐ 4 REINSTATED OR REOPENED
- ☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- ☐ 6 MULTIDISTRICT LITIGATION
- ☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of the Fair Credit Reporting Act (FCRA)15 U.S.C. § 1681 et seq., violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 et seq., and violations of the Bankruptcy Discharge Injunction 11 U.S.C. § 524

**(IF COMPLEX, CHECK REASON BELOW)**

- ☐ 1. Unusually large number of parties.
- ☐ 2. Unusually large number of claims or defenses.
- ☐ 3. Factual issues are exceptionally complex
- ☐ 4. Greater than normal volume of evidence.
- ☐ 5. Extended discovery period is needed.
- ☐ 6. Problems locating or preserving evidence
- ☐ 7. Pending parallel investigations or actions by government.
- ☐ 8. Multiple use of experts.
- ☐ 9. Need for discovery outside United States boundaries.
- ☐ 10. Existence of highly technical issues and proof.

CONTINUED ON REVERSE

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT $______ APPLYING IFP ______ MAG. JUDGE (IFP)______

JUDGE______ MAG. JUDGE______ (Referral) NATURE OF SUIT______ CAUSE OF ACTION______

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 444 WELFARE
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 610 AGRICULTURE
- ☐ 620 FOOD & DRUG
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 630 LIQUOR LAWS
- ☐ 640 R.R. & TRUCK
- ☐ 650 AIRLINE REGS.
- ☐ 660 OCCUPATIONAL SAFETY / HEALTH
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 730 LABOR/MGMT. REPORTING & DISCLOSURE ACT
- ☐ 740 RAILWAY LABOR ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 810 SELECTIVE SERVICE
- ☐ 875 CUSTOMER CHALLENGE 12 USC 3410
- ☐ 891 AGRICULTURAL ACTS
- ☐ 892 ECONOMIC STABILIZATION ACT
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 894 ENERGY ALLOCATION ACT
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES
- ☑ 890 OTHER STATUTORY ACTIONS

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ ARBITRATION (Confirm / Vacate / Order / Modify)

(Note: Mark underlying Nature of Suit as well)

*** PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23 DEMAND $ Actual, statutory and punitive damages, attorney fees, and costs

JURY DEMAND ☑ YES ☐ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE____________________ DOCKET NO.____________________

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)

- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):
- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. , WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

____________________ 12/16/2015

SIGNATURE OF ATTORNEY OF RECORD DATE

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

## Client & Report Information

| | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

## Summary of Accounts With Balances

| Account Types | Number of Accounts | Total Monthly Payments | Total of Balances Remaining | Number of Past Due Accounts | Percentage of Accounts Past Due & Total of Amounts Past Due | |
|---|---|---|---|---|---|---|
| Installment | 2 | $942.00 | $92,063.00 | 2 | 100.00% | $6,687.00 |
| Revolving | 4 | $205.00 | $2,484.00 | 0 | 0.00% | $0.00 |
| Collection | 0 | $0.00 | $0.00 | 0 | 0.00% | $0.00 |
| Unknown | 0 | $0.00 | $0.00 | 0 | 0.00% | $0.00 |
| Totals | 6 | $1,147.00 | $94,547.00 | 2 | 33.33% | $6,687.00 |

## Graphical Overview of Key Account Data

**Monthly Payment by Type**




**Outstanding Balance by Type**




**Past Due Balances by Type**




## myHorizon™ Credit Score Analysis for Primary Client

| POWERED BY creditxpert | EXISTING CREDIT SCORE | ESTIMATED 12 MONTH POST - BANKRUPTCY CREDIT SCORE* | NET EFFECT |
|---|---|---|---|
| | 597 | N/A | N/A |

CreditXpert® products are based on information derived from credit reports produced by the major credit reporting agencies. CreditXpert Inc. is not responsible for inaccurate results, including any due to incorrect, missing, outdated credit report information or incorrect assumptions about the future. Scores and score changes predicted by CreditXpert products are only estimates and are not guaranteed. CreditXpert Inc. does not represent that CreditXpert Credit Scores(tm) are identical or similar to credit scores produced by any other company. CreditXpert Inc. is not associated with Fair Isaac Corporation. CreditXpert Inc. is not a credit counseling or a credit repair organization.

The foregoing is not intended to provide or imply warranties of any kind. CreditXpert products are provided on an "as is" basis, and CreditXpert Inc. and its distributors disclaim any and all warranties, either express or implied, including but not limited to any warranty of merchantability, fitness for a particular purpose, non-infringement, system integration, non-interference and/or accuracy of informational content.

## Notes & Alerts

| | |
|---|---|
| File Alert - No Discrepencies | No Alerts or Notes exist for this file. |

PENGAD 800-631-6989 DEFENDANT'S EXHIBIT 8 6/22/16

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

| Client & Report Information | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

**Mortgage Liabilities with Balances** — 1 Total Mortgage Account(s) with a balance

| Account Name, Owner/Type, Account Number & Status | Current Balance | High Credit | Date Opened & Last Reported | Payment Info, Account Type, Last Activity & Past Due $ | Corporate Bankruptcy Department - Where Available (2) | Reported Contact Information |
|---|---|---|---|---|---|---|
| Select Portfolio Svcin<br>Joint Contractual Liability / Applicant<br>XXXXXX9006<br>Account is: Open, | $91,853 | $112,100 | 5/2001<br>9/10/2015 | $942<br>Mortgage<br>9/5/2015<br>$6,454 | Select Portfolio Servicing<br>PO Box 65250<br>Salt Lake City, UT 84165<br>800-258-8602<br>Verified: 7-2013 | Po Box 65250<br>Salt Lake City, UT 84165<br>800-258-8602 |

End of Mortgages With Balances

**Non-Mortgage Liabilities with Balances** — 5 Account(s) with balances

| Account Name, Owner/Type, Account Number & Status | Current Balance | High Credit | Date Opened & Last Reported | Payment Info, Account Type, Last Activity & Past Due $ | Corporate Bankruptcy Department - Where Available (2) | Reported Contact Information |
|---|---|---|---|---|---|---|
| Mabt - Genesis Retail<br>Undesignated / Co-Applicant<br>XXXXXX9586<br>Account is: Open, Current Account | $2,196 | $3,000 | 4/2015<br>9/24/2015 | $150<br>Revolving<br>9/22/2015<br>$0 | | Po Box 4499<br>Beaverton, OR 97076<br>866-946-9544 |
| Coweta Cities & Cnty F<br>Undesignated / Co-Applicant<br>XXXXXX6494<br>Account is: Closed, Account Closed | $210 | $500 | 11/2009<br>8/31/2015 | $0<br>Installment<br>6/8/2015<br>$233 | | 53a Jefferson Pkwy<br>Newnan, GA 30263<br>770-253-2273 |
| Comenity Bank/avenue<br>Undesignated / Co-Applicant<br>XXXXXX9511<br>Account is: Open, Current Account | $124 | $250 | 6/2015<br>9/20/2015 | $5<br>Revolving<br>8/17/2015<br>$0 | Comenity Bank/Sizes<br>Comenity Bank, PO Box 182125<br>Columbus, OH 47321<br>866-523-0117<br>Verified: 3-2015 | Po Box 182789<br>Columbus, OH 43218 |
| Syncb/belk<br>Undesignated / Co-Applicant<br>XXXXXX6579<br>Account is: Open, Current Account | $91 | $500 | 9/2015<br>9/9/2015 | $25<br>Revolving<br>9/9/2015<br>$0 | Synchrony Bank/Belk<br>GE Capital Retail Bank, PO Box 103104<br>Roswell, GA 30076<br>800-727-3690<br>Verified: 8-2015 | Po Box 965028<br>Orlando, FL 32896<br>800-669-6550 |
| Syncb/jcp<br>Undesignated / Co-Applicant<br>XXXXXX2238<br>Account is: Open, Current Account | $73 | $500 | 9/2015<br>9/15/2015 | $25<br>Revolving<br>9/15/2015<br>$0 | Synchrony Bank/JC Penny<br>Attention: Bankruptcy, PO Box 103104<br>Roswell, GA 30076<br>800-480-2140<br>Verified: 8-2015 | Po Box 965007<br>Orlando, FL 32896<br>866-227-5213 |

End of Non-Mortgage Accounts With Balances

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

| Client & Report Information | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

**Liabilities without Balances** — 16 Account(s) without a balance

| Account Name, Owner/Type, Account Number & Status | Current Balance | High Credit | Date Opened & Last Reported | Payment Info, Account Type & Last Activity | Corporate Bankruptcy Department - Where Available (2) | Reported Contact Information |
|---|---|---|---|---|---|---|
| Acceptance Now<br>Joint Contractual Liability / Co-Applicant<br>XXXXXX0701<br>Account is: Closed, Account Closed | $0 | $5,111 | 6/2013<br>7/31/2013 | $141<br>Installment<br>6/30/2013 | | 5501 Headquarters Dr<br>Plano, TX 75024<br>888-672-2411 |
| Farmers Furn<br>Undesignated / Co-Applicant<br>XXXXXX8206<br>Account is: Open, ACCOUNT TRANSFERRED | $0 | $3,690 | 6/2007<br>6/30/2015 | $137<br>Installment<br>11/30/2009 | Farmers Furniture<br>Attention: Bankruptcy,<br>1851 Tellfair St.<br>Dublin, GA 31040<br>800-456-0424<br>Verified: 11-2011 | Po Box 1140<br>Dublin, GA 31040<br>478-275-3150 |
| Bk Of Amer<br>Individual / Applicant<br>XXXXXX1427<br>Account is: Closed, Account Closed By Grantor | $0 | $3,259 | 9/2001<br>1/28/2010 | $4<br>Revolving<br>10/6/2007 | Bank of America<br>Attn: Recovery<br>Department, 4161<br>Piedmont Pkwy<br>Greensboro, NC 27410<br>888-702-1161<br>Verified: 3-2013 | Po Box 982235<br>El Paso, TX 79998<br>800-759-6262 |
| Wf Crd Svc<br>Joint Contractual Liability / Applicant<br>XXXXXX8769<br>Account is: Closed, Account Closed By Grantor | $0 | $1,938 | 7/2002<br>1/6/2009 | $0<br>Revolving<br>10/9/2007 | Wf Fin Bank/Wells<br>Fargo Financial<br>Attention: Bankruptcy,<br>PO Box 10438 MAC-X2505-033<br>Des Moines, IA 50306<br>866-834-7960<br>Verified: 3-2013 | 3201 N 4th Ave<br>Sioux Falls, SD 57104<br>800-247-9215 |
| Cbna<br>Undesignated / Co-Applicant<br>XXXXXX5149<br>Account is: Closed, Account Closed By Grantor | $0 | $498 | 7/2001<br>6/30/2006 | $0<br>Revolving<br>12/29/2005 | Citibank/The Home<br>Depot<br>Citicorp Credit<br>Srvs/Centralized<br>Bankruptcy, PO Box<br>790040<br>Saint Louis, MO 63179<br>800-846-8444<br>Verified: 7-2015 | Po Box 6497<br>Sioux Falls, SD 57117 |
| Comenity Bank/womnwthn<br>Undesignated / Co-Applicant<br>XXXXXX7342<br>Account is: Closed, PURCHASED BY ANOTHER LENDER | $0 | $434 | 2/2008<br>12/3/2009 | $0<br>Revolving<br>3/6/2009 | Comenity Bank/King<br>Sizes<br>Attention: Bankruptcy,<br>PO Box 182125<br>Columbus, OH 43218<br>800-695-4902<br>Verified: 3-2015 | 4590 E Broad St<br>Columbus, OH 43213 |
| Comenity Bank/jssclndn<br>Undesignated / Co-Applicant<br>XXXXXX9277<br>Account is: Closed, PURCHASED BY ANOTHER LENDER | $0 | $316 | 5/2007<br>12/3/2009 | $0<br>Revolving<br>1/28/2009 | Comenity Bank/Jessica<br>London<br>Attention: Bankruptcy,<br>P.O. Box 182125<br>Columbus, OH 43218<br>800-695-4902<br>Verified: 3-2015 | Po Box 182789<br>Columbus, OH 43218 |

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

**Client & Report Information**

| | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

**Liabilities without Balances** — 16 Account(s) without a balance

| Account Name, Owner/Type, Account Number & Status | Current Balance | High Credit | Date Opened & Last Reported | Payment Info, Account Type & Last Activity | Corporate Bankruptcy Department - Where Available (2) | Reported Contact Information |
|---|---|---|---|---|---|---|
| Seventh Avenue<br>Undesignated / Co-Applicant<br>XXXXXX6570<br>Account is: Closed, ACCOUNT TRANSFERRED | $0 | $314 | 2/2009<br>9/14/2015 | $0<br>Revolving<br>7/9/2015 | Ginnys/Swiss Colony Inc<br>Attn: Bankruptcy, 1112 7th Ave<br>Monroe, WI 53566<br>608-324-4655<br>Verified: 4-2013 | 1112 7th Ave<br>Monroe, WI 53566 |
| Syncb/belk<br>Undesignated / Co-Applicant<br>XXXXXX6489<br>Account is: Closed, Account Closed | $0 | $250 | 12/2001<br>8/9/2015 | $0<br>Revolving<br>12/16/2005 | Synchrony Bank/Belk<br>GE Capital Retail Bank, PO Box 103104<br>Roswell, GA 30076<br>800-727-3690<br>Verified: 8-2015 | Po Box 965028<br>Orlando, FL 32896<br>800-669-6550 |
| Comenity Bank/chadwcks<br>Undesignated / Co-Applicant<br>XXXXXX6345<br>Account is: Open, Included In Bankruptcy Ch-13 | $0 | $242 | 2/2001<br>7/23/2015 | $0<br>Revolving<br>3/29/2007 | Comenity Bank/Chadwicks<br>Attn: Bankruptcy, PO Box 182686<br>Columbus, OH 43218<br>800-695-4902<br>Verified: 4-2013 | Po Box 182789<br>Columbus, OH 43218 |
| Coweta Cities & Cnty F<br>Undesignated / Co-Applicant<br>XXXXXX4621<br>Account is: Closed, Account Closed | $0 | $500 | 12/2008<br>5/31/2009 | $0<br>Installment<br>5/10/2009 | | 53a Jefferson Pkwy<br>Newnan, GA 30263<br>770-253-2273 |
| Coweta Cities & Cnty F<br>Undesignated / Co-Applicant<br>XXXXXX3679<br>Account is: Closed, Account Closed | $0 | $500 | 7/2008<br>11/30/2008 | $0<br>Installment<br>11/10/2008 | | 53a Jefferson Pkwy<br>Newnan, GA 30263<br>770-253-2273 |
| Coweta Cities & Cnty F<br>Undesignated / Co-Applicant<br>XXXXXX1999<br>Account is: Closed, Account Closed | $0 | $500 | 10/2007<br>4/30/2008 | $0<br>Installment<br>4/10/2008 | | 53a Jefferson Pkwy<br>Newnan, GA 30263<br>770-253-2273 |
| Mcydsnb<br>Undesignated / Co-Applicant<br>XXXXXX3020<br>Account is: Closed, Account Closed By Consumer | $0 | $0 | 8/1978<br>7/17/2009 | $0<br>Revolving<br>11/23/1999 | Dsnb Macys<br>Macy's Bankruptcy Department, PO Box 8053<br>Mason, OH 45040<br>800-243-6552<br>Verified: 10-2014 | Po Box 8218<br>Mason, OH 45040<br>800-243-6552 |
| Mcydsnb<br>Undesignated / Co-Applicant<br>XXXXXX3030<br>Account is: Closed, Account Closed By Consumer | $0 | $0 | 1/1984<br>7/17/2009 | $0<br>Revolving<br>6/1/2009 | Dsnb Macys<br>Macy's Bankruptcy Department, PO Box 8053<br>Mason, OH 45040<br>800-243-6552<br>Verified: 10-2014 | Po Box 8218<br>Mason, OH 45040<br>800-243-6552 |
| Regional Acceptance Co<br>Joint Contractual Liability / Applicant<br>XXXXXX3101<br>Account is: Closed, Account Closed | $0 | $25,060 | 7/2007<br>7/21/2015 | $0<br>Installment<br>7/1/2015 | Regional Acceptance Co<br>Attn: Bankruptcy, 266 Beacon Ave.<br>Winterville, NC 28590<br>800-993-1858<br>Verified: 8-2012 | 1420 E Fire Tower Rd Ste<br>Greenville, NC 27858<br>252-353-1844 |

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

## Client & Report Information

| | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

## Public Records — 2 Public Record(s)

| Court | Disposition | Date Filed | Obligation | Type | Docket | Plaintiff | Defendant |
|---|---|---|---|---|---|---|---|
| US BKPT CT GA NEWNAN | Completed | 2012-5-9 | $0 | Bankruptcy Chapter13 | 1211364WHD | | |
| US BKPT CT GA NEWNAN | Dismissed | 2010-1-19 | $0 | Bankruptcy Chapter13 | 1010166WHD | | |

## Address Variations

| | |
|---|---|
| Reported: Different Address | 9 WILSON CIR, NEWNAN, GA 302635583,Rptd:07/2015 |
| Reported: Different Address | 275 WALLACE GRAY RD, NEWNAN, GA 302633098,Rptd:12/1992 |
| Reported: Different Address | 9 WILSON CI, NEWNAN, GA 30263,Rptd:03/01/1993 |
| Reported: Different Address | 275 WALLACE GRAY RD, NEWNAN, GA 30263,Rptd:11/01/1987 |
| Reported: Different Address | 124 WALLACE GRAY CI, NEWNAN, GA 30263,Rptd: |
| Reported: Different Address | 9 WILSON CIR, NEWNAN, GA 302635583,Rptd:07/2015 |
| Reported: Different Address | 285 WALLACE GRAY RD, NEWNAN, GA 302633098,Rptd:11/2005 |
| Reported: Different Address | 275 WALLACE GRAY RD, NEWNAN, GA 302633098,Rptd:04/2005 |
| Reported: Different Address | 9 WILSON CI, NEWNAN, GA 30263,Rptd:11/23/2005 |
| Reported: Different Address | 285 WALLACE GRAY RD, NEWNAN, GA 30263,Rptd:07/01/1998 |

## Employment Variations

| | |
|---|---|
| Reported: Different Employment | MILLKEN,Rptd:07/2007 |
| Reported: Different Employment | ECKERDS,Rptd:08/2000 |
| Reported: Different Employment | COWETA CO,Rptd:09/2007 |
| Reported: Different Employment | COWETA COUNTY SCHOOLS S,Rptd:02/2012 |
| Reported: Different Employment | RUTH HILL ELEM SCHOOL,Rptd:06/01/2012 |
| Reported: Different Employment | COWETA CO,Rptd:09/08/2007 |

## Recent Inquiries Into Applicant's Credit

| Company Making Inquiry | Date of Inquiry | Applicant Inquired Upon | Result of Inquiry |
|---|---|---|---|
| SYNCB/BELK | 2015-9-5 | Co-Applicant | Unknown |
| SYNCB/JCP | 2015-9-4 | Co-Applicant | Unknown |

## Alerts — 2 Alert(s)

| Alert Message | Reporting Bureau |
|---|---|
| SSN MATCH: EXACT MATCH BETWEEN SSN ON INPUT AND SSN ON FILE | Tuc01 |

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

**Client & Report Information**

| | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |
| SSN MATCH: EXACT MATCH BETWEEN SSN ON INPUT AND SSN ON FILE | Tuc02 |

***** End of Data Reported by National Credit Bureaus *****

**CIN Legal Data Services' myHorizon™ Credit Score**

* CIN Legal Data Services myHorizon Credit Score, powered by CreditXpert, simulates changes to the credit file to calculate the potential score impact of a Chapter 7 bankruptcy filing. It simulates filing the Chapter 7 bankruptcy immediately, followed 3 months later by discharge of all debt other than student loans and mortgages. It also simulates opening a revolving credit card with a $500 credit limit 2 months after discharge, and then maintaining a balance of $300 on that card for 10 months. The final score is calculated 15 months from now (one year after the bankruptcy discharge). myHorizon assumes that monthly payments will be made on time for mortgages and student loans, and that zero-balance credit accounts will be closed by creditors at the time of discharge. Accounts last reported 4 or more months ago are not included in the bankruptcy filing unless they are derogatory accounts.

CreditXpert® products are based on information derived from credit reports produced by the major credit reporting agencies. CreditXpert Inc. is not responsible for inaccurate results, including any due to incorrect, missing, outdated credit report information or incorrect assumptions about the future. Scores and score changes predicted by CreditXpert products are only estimates and are not guaranteed. CreditXpert Inc. does not represent that CreditXpert Credit Scores(tm) are identical or similar to credit scores produced by any other company. CreditXpert Inc. is not associated with Fair Isaac Corporation. CreditXpert Inc. is not a credit counseling or a credit repair organization.

The foregoing is not intended to provide or imply warranties of any kind. CreditXpert products are provided on an "as is" basis, and CreditXpert Inc. And its distributors disclaim any and all warranties, either express or implied, including but not limited to any warranty of merchantability, fitness for a particular purpose, non-infringement, system integration, non-interference and/or accuracy of informational content.

Copyright © 2000-2015 CreditXpert Inc. All rights reserved. CreditXpert® is a registered trademark of CreditXpert Inc. The CreditXpert logo is a trademark of CreditXpert Inc.

**Report Footnotes**

1 - Monthly Payment Amounts Include Minimum Monthly Payments on Accounts with Outstanding Balances That May Have Recently Been Frozen or Closed by the Original Credit Grantor.

2 - Credit Infonet's Bankruptcy Department Name & Address Notations List Information Was Obtained via Telephone From The Current Creditor by Credit Infonet Staff. Information Verified by Credit Infonet Staff Was Provided by the Creditor As of The "Date Verified" Date Listed Within Each Trade Name and Address Listing. Please note, BAPCPA Language Regarding the Noticing of Creditors May Dictate the Use of a Different Address.

**Importing CLR Data**

Data from this CLR can be imported into participating bankruptcy forms preparation software products for thirty (30) days from the Completed On Date shown in the Report Details field above. After thirty (30) days, the import function will no longer be available for this CLR.

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

| Client & Report Information | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

**ATTORNEY: PLEASE GIVE THIS NOTICE TO CONSUMERS**

Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington DC 20552.

**A Summary of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

- You must be told if information in your file has been used against you. Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.
- You have the right to know what is in your file. You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

- In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- You have the right to ask for a credit score. Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- You have the right to dispute incomplete or inaccurate information. If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information. Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- Consumer reporting agencies may not report outdated negative information. In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- Access to your file is limited. A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- You must give your consent for reports to be provided to employers. A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- You may limit "prescreened" offers of credit and insurance you get based on information in your credit report. Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- You may seek damages from violators. If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

Copyright © 2015 The CINgroup. All Rights Reserved

CIN Legal Data Services
a CINgroup company

866 218 1003 tel
866 307 1003 fax
www.CINlegal.com

| Client & Report Information | |
|---|---|
| Primary Client Name & SSN: | Willie Pritchett XXX-XX-9940 |
| Secondary Client Name & SSN: | Rosa Pritchett XXX-XX-3857 |
| Primary Address: | 9 Wilson Circle, Newnan, GA 30263 |
| Report Details: | Report 4069571 Completed on 9/30/2015 for A3618 - CLR 2 Source Joint |

•Identity theft victims and active duty military personnel have additional rights. For more information, visit www.consumerfinance.gov/learnmore.

•States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General.

**•For information about your Federal rights contact:**

1. a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates: Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552; b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: Federal Trade Commission: Consumer Response Center – FCRA, Washington, DC 20580, (877) 382-4357.

2. To the extent not included in item 1 above: a. National banks, federal savings associations and federal branches and federal agencies of foreign banks: Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Street, Suite 3450, Houston, TX 77010-9050; b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act: Federal Reserve Consumer Help Center, PO Box 1200,Minneapolis, MN 55480; c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations: FDIC Consumer Response Center, 1100 Walnut St., Box #11,Kansas City, MO 64106; d. Federal Credit Unions: National Credit Union Administration, Office of Consumer Protection (OCP), Division of Consumer Compliance and Outreach (DCCO), 1775 Duke Street, Alexandria, VA 22314.

3. Air carriers: Asst. General Counsel for Aviation Enforcement & Proceedings, Aviation Consumer Protection Division, Department of Transportation, 1200 New Jersey Avenue, S.E., Washington, DC 20590.

4. Creditors Subject to Surface Transportation Board: Office of Proceedings, Surface Transportation Board, Department of Transportation 395 E Street, S.W., Washington, DC 20423.

5. Creditors Subject to Packers and Stockyards Act, 1921: Nearest Packers and Stockyards Administration area Supervisor.

6. Small Business Investment Companies: Associate Deputy Administrator for Capital Access, United States Small Business Administration, 409 Third Street, SW, 8th Floor, Washington, DC 20416.

7. Brokers and Dealers: Securities and Exchange Commission, 100 F Street, N.E., Washington, DC 20549.

8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks and Production Credit Associations: Farm Credit Administration, 1501 Farm Credit Drive, McLean, VA 22102-5090.

9. Retailers, Finance Companies, and All Other Creditors Not Listed Above: FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center – FCRA, Washington, DC 20580, (877) 382-4357.

Copyright © 2015 The CINgroup. All Rights Reserved