IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ROSA MAE PRITCHETT,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SYSTEMS, LLC; WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC. d/b/a FARMERS FURNITURE; SEVENTH AVENUE, INC.; and PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE,<br><br>Defendants. | ) | CIVIL ACTION FILE NO.:<br>3:15-cv-197-TCB-RGV |

**DEFENDANT PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND/OR TO DISMISS**

COMES NOW COMES NOW defendant Paul Mason and Associates, Inc. d/b/a Creditors Bankruptcy Service (hereinafter, "CBS"), and pursuant to Local Rule 56.1(B), and in support of its Motion for Summary Judgment ("MSJ") submits its Statement of Material Facts as to which there is no genuine issue to be tried as follows:

1.

On or around February 18, 2009, plaintiff "ordered something" resulting in a debt of $280.27 owed to defendant Seventh Avenue, Inc. ("Seventh Avenue"). (MSJ

Exh. A[1] (Deposition of Rosa Mae Pritchett ("Pritchett dep.")) - p. 66; Exh. 3, 25 of 52.)

2.

On January 19, 2010, plaintiff filed a petition constituting an order for relief under 11 U.S.C. Chapter 13 in the bankruptcy court for the Northern District of Georgia, Newnan Division, case no. 10-10166-whd ("2010 Bankruptcy"). (MSJ Exh. A (Pritchett dep.) - Exh. 2.)

3.

Plaintiff scheduled the debt to Seventh Avenue in the amount of $280.27 and listed Seventh Avenue's address as 1112 7th Avenue, Monroe, Wisconsin, 53566. (MSJ Exh. A (Pritchett dep.) - Exh. 2, p. 25 of 57.)

4.

The 2010 Bankruptcy was dismissed on April 26, 2012 due to the plaintiff's failure to make payments. (MSJ Exh. C (Plaintiff's Interrogatory Responses) - no. 4; MSJ Exh. A (Pritchett dep.) - p. 28.)

5.

On May 9, 2012, plaintiff, with the assistance of her attorneys, Berry & Associates, filed a second petition constituting an order for relief under 11 U.S.C.

[1] All references to MSJ Exhibits refer to the exhibits attached to CBS's Memorandum of Law in Support of Motion for Summary Judgment submitted contemporaneously herewith.

Chapter 13 in the bankruptcy court for the Northern District of Georgia, Newnan Division, case no. 12-11364-whd ("2012 Bankruptcy"). (MSJ Exh. A (Pritchett dep.) - p. 30; Exh. 3.)

6.

In completing the 2012 Bankruptcy Petition, plaintiff properly listed the 2010 Bankruptcy, giving notice to all parties-in-interest of the previous bankruptcy. (MSJ Exh. A (Pritchett dep.) - Exh. 3 p. 2 of 52.)

7.

Plaintiff scheduled two debts in the 2012 Bankruptcy with a mailing address of 1112 7th Avenue, Monroe, Wisconsin, 53566: (1) "Ginnys/Swiss Colony" incurred "02/18/2009" as an "Account" for "$0.00"; and (2) Seventh Avenue with an unknown incurred date for a "credit card" in the amount of $280.27. (MSJ Exh. A (Pritchett dep.) - Exh. 3 pp. 22, 25 of 52.)

8.

Ginnys/Swiss Colony is the corporate bankruptcy department for Seventh Avenue. (MSJ Exh. A (Pritchett dep.) - p. 90; Exh. 8. p. 4 of 8.)

9.

On or about June 8, 2012, CBS, on behalf of Seventh Avenue, filed proof of claim no. 7-1 in the 2012 Bankruptcy in the amount of $314.43. (MSJ Exh. E (2012 Proof of Claim).)

10.

Following completion of a confirmed Chapter 13 plan, plaintiff received her bankruptcy discharge on July 21, 2015, a copy of which was provided to plaintiff's counsel, Berry & Associates. (MSJ Exh. F (2012 Bankruptcy Notice of Discharge).)

11.

Despite having never requested it and without ever knowing who did, plaintiff received copies of her consumer reports as published by Equifax and Experian, respectively on September 1, 2015 and October 9, 2015. (MSJ Exh. A (Pritchett dep.) - pp. 76-78; Compl. ¶¶ 25, 31.)

12.

As instructed by Berry & Associates, plaintiff sent her consumer reports to Berry & Associates. (MSJ Exh. A (Pritchett dep.) - pp. 78-79.)

13.

The October 9, 2015 consumer report from Experian contained incorrect information relating to the debt owed to Seventh Avenue, specifically that there remained a debt of $209.00 despite the entry of the discharge order in the 2012 Bankruptcy. (MSJ Exh. A (Pritchett dep.) - pp. 86-87; Compl. ¶ 32.)

14.

Despite alleging that attempts were made to remove or correct her credit report (Compl. ¶¶ 34-36), plaintiff did not take any steps to correct her credit report and

did not notify Seventh Avenue or Ginnys/Swiss Colony of the error. (MSJ Exh. A (Pritchett dep.) - p. 93.)

15.

On October 14, 2015, plaintiff, with the assistance of Berry & Associates, filed a third petition constituting an order for relief under 11 U.S.C. Chapter 13 in the bankruptcy court for the Northern District of Georgia, Newnan Division, case no. 15-12246-whd ("2015 Bankruptcy"). (MSJ Exh. A (Pritchett dep.) - Exh. 5.)

16.

In completing the 2015 Bankruptcy Petition, plaintiff properly listed the 2010 Bankruptcy, giving notice to all parties-in-interest of that previous bankruptcy but failed to list the 2012 Bankruptcy. (MSJ Exh. A (Pritchett dep.) - Exh. 5 p. 2 of 46.)

17.

In addition, plaintiff scheduled Ginnys/Swiss Colony as an unsecured creditor for a debt incurred on "02/18/2009" for an "Account" in the amount of $0.00. (MSJ Exh. A (Pritchett dep.) - p. 91; Exh. 5 p. 18 of 46.)

18.

The debt is not marked "disputed." (MSJ Exh. A (Pritchett dep.) - p. 91; Exh. 5 p. 18 of 46.)

19.

Notice of the 2015 Bankruptcy was issued to Ginnys/Swiss Colony, the

corporate bankruptcy department of Seventh Avenue, showing Ginnys/Swiss Colony as a creditor and failing to show the previously discharged bankruptcy. (MSJ Exh. A (Pritchett dep.) - 91; Exh. 5 p. 43 of 46.)

20.

On October 12, 2015, a civil action was initiated in plaintiff's name, styled Rosa Mae Pritchett v. Experian Information Solutions, Inc. and Coweta Cities & County Employees Federal Credit Union, Civil Action File No. 3:15-167-TCB. (MSJ Exh. A (Pritchett dep.) - pp. 21-22; Exh. 6.)

21.

Remarkably, plaintiff had no knowledge that such a case was filed, nor that such a case was resolved and dismissed on January 8, 2016. (MSJ Exh. A (Pritchett dep.) - pp. 21-22.)

22.

On or about November 12, 2015, CBS received information relating to plaintiff's 2015 bankruptcy and the debt at issue from Seventh Avenue. (MSJ Exh. B (Affidavit of Mark Bennett ("Bennett Aff.") - ¶ 12.)

23.

The account was subject to the same rigorous screening as all other accounts prior to the filing of a proof of claim. (MSJ Exh. B (Bennett Aff.) - ¶ 13.)

24.

On November 16, 2015, CBS filed proof of claim no. 2-1 in the 2015 Bankruptcy. (MSJ Exh. G (2015 Proof of Claim).)

25.

Any alleged attempt to collect a discharged debt was unintentional and resulted from a bona fide error notwithstanding CBS's maintenance of procedures to prevent such an error. (MSJ Exh. B (Bennett Aff.) ¶ 15.)

26.

Whenever CBS receives a new account, the information is first reviewed and then entered into a computer system that identifies whether it has previously been placed with CBS. (MSJ Exh. B (Bennett Aff.) - ¶ 6.)

27.

If the account is flagged as having been previously placed with CBS, the disposition of that account is investigated for status and accurancy. (MSJ Exh. B (Bennett Aff.) - ¶ 7.)

28.

Accounts that pass this initial screening are converted into proofs of claim that are reviewed by a quality control employee. (MSJ Exh. B (Bennett Aff.) - ¶ 9.)

29.

The quality control employee is specifically reviewing the claim for

legitimacy, accuracy, and privacy. (MSJ Exh. B (Bennett Aff.) - ¶ 9.)

30.

Approximately 25% of all accounts related to Chapter 13 bankruptcies are rejected as stale due to a statute of limitation or a discharge injunction. (MSJ Exh. B (Bennett Aff.) - ¶ 10.)

31.

While the system in place is designed to catch errors specifically like the one alleged to have occurred herein, no system is 100% accurate and inaccurate information in a debtor's schedules can contribute to errors. (MSJ Exh. B (Bennett Aff.) - ¶ 11.)

32.

On December 2, 2015, Chapter 13 Trustee Adam M. Goodman filed his objection to confirmation, including as a basis, the failure to disclose the 2012 bankruptcy case. (2015 Bankruptcy Docket No. 12; MSJ Exh. H (Objection to Confirmation of Plan and Motion to Dismiss).)

33.

On December 14, 2015, plaintiff filed her amended schedules in the 2015 Bankruptcy showing the 2012 Bankruptcy. (2015 Bankruptcy Docket No. 13; MSJ Exh. I (Amendment to Voluntary Petition).)

34.

The amended schedules did not alter the scheduling of Ginnys/Swiss Colony. (2015 Bankruptcy Docket No. 13; MSJ Judgment Exh. I (Amendment to Voluntary Petition).)

35.

On December 16, 2015, with no prior communication with or to Seventh Avenue, Ginnys/Swiss Colony, or CBS and no other attempts to resolve the dispute, plaintiff initiated the instant case. (MSJ Exh. A (Pritchett dep.) - pp. 98-99.)

36.

On December 22, 2015, having been alerted to the possibility that an improper claim had been filed, CBS withdrew proof of claim no. 2-1. (2015 Bankruptcy Docket No. 15; MSJ Exh. J (Withdrawal of Proof of Claim); MSJ Exh. B (Aff. of Bennett) - ¶ 14.)

37.

Despite contrary allegations in her complaint, plaintiff has not missed any work, incurred any medical expenses (mental or otherwise), or been denied credit as a result of CBS filing proof of claim no. 2-1 in the 2015 Bankruptcy. (MSJ Exh. A (Pritchett dep.) - pp. 104-105.)

38.

On January 25, 2016, more than a month after initiating the instant case and

several months after initiating case no. 3:15-167 on behalf of plaintiff, Berry & Associates moved in the 2015 Bankruptcy case for appointment as special counsel, which was not approved until April 25, 2016. (2015 Bankruptcy Docket No. 26; MSJ Exh. K (Order Granting Application for Appointment).)

39.

On April 27, 2016, Berry & Associates moved the bankruptcy court to approve a settlement with CBS's co-defendants Seventh Avenue and Equifax in the respective amounts of $2,500.00 and $4,000.00. (2015 Bankruptcy Docket No. 27; MSJ Exh. L (Motion to Approve Compromise of Claim).)

40.

As part of this settlement, Berry & Associates proposed keeping $6,100.00 and paying plaintiff $400.00, far less than the statutory fee provided by the FDCPA and FCRA. . (2015 Bankruptcy Docket No. 27; MSJ Exh. L (Motion to Approve Compromise of Claim).)

41.

Shockingly, plaintiff testified that she was completely unaware that any settlement had been proposed, much less agreed to by counsel. (MSJ Exh. A (Pritchett dep.) - pp. 102-103.)

42.

On or about May 17, 2016[2], plaintiff served her responses to CBS's First Continuing Interrogatories. (MSJ Exh. C (Plaintiff's Interrogatory Responses).)

43.

Rather than responding with information related to her employment history, plaintiff responded, "Plaintiff is withdrawing any claim for actual damages as it pertains to work." (MSJ Exh. C (Plaintiff's Interrogatory Responses) - no. 3.)

44.

Rather than responding with information related to her medical history, including emotional distress, plaintiff responded, "Plaintiff is withdrawing any claim for damages as it pertains to emotional distress, including humiliation, frustration, or aggravation." (MSJ Exh. C (Plaintiff's Interrogatory Responses) - no. 7.)

45.

Rather than responding to CBS's request for an itemization of special damages, plaintiff responded, "Plaintiff is withdrawing her claim against Defendant for actual damages." (MSJ Exh. C (Plaintiff's Interrogatory Responses) - no. 12.)

46.

Rather than responding to CBS's request for a description of plaintiff's

[2] The actual responses indicate May 9, 2016 though they were not actually received until emailed on May 17, 2016 at the insistence of counsel. (MSJ Exh. D (Email dated May 17, 2016.)

emotional damage, plaintiff responded, "Plaintiff is withdrawing any claim for damages as it pertains to emotional distress, including humiliation and aggravation." MSJ Exh. C (Plaintiff's Interrogatory Responses) - nos. 17[3], 21.)

47.

Rather than detailing her damages related to missed work, plaintiff responded, "Plaintiff is withdrawing any claim for damages with regard to 'lost time from work.'" MSJ Exh. C (Plaintiff's Interrogatory Responses) - no. 23.)

48.

Finally, when asked how CBS either intentionally or negligently inflicted emotional distress, plaintiff responded, "Plaintiff states she is withdrawing any claim for damages as it pertains to emotional distress." MSJ Exh. C (Plaintiff's Interrogatory Responses) - nos. 24-25.)

49.

To date, plaintiff has not withdrawn her claims for actual damages.

Respectfully submitted this the 22nd day of July, 2016.

*/s/ Joseph J. Burton, Jr.*
Joseph J. Burton, Jr.
Georgia Bar No. 097875
David W. Gordon
Georgia Bar No. 726483

*Attorneys for defendant Paul Mason and*

---

[3] Note plaintiff began misnumbering her responses following interrogatory no. 12. For ease of reference, plaintiff's numbers will be utilized.

*Associates, Inc. d/b/a Creditors Bankruptcy Service*

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive, NE
Atlanta, GA 30342-1386
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jburton@mfllaw.com
dgordon@mfllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ROSA MAE PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 3:15-cv-197-TCB-RGV |
| EQUIFAX INFORMATION SYSTEMS, LLC; WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC. d/b/a FARMERS FURNITURE; SEVENTH AVENUE, INC.; and PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this date I served the foregoing pleading on all parties of record in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Matthew T. Berry, Esq.
Paul J. Sieg, Esq.
BERRY & ASSOCIATES
2751 Buford Highway
Suite 600
Atlanta, Geogia 30324

Pursuant to Local Rule 5.1 N.D. Ga., the foregoing pleading is prepared in Times New Roman, 14 point.

This the 22nd day of July, 2016.

*<u>/s/ Joseph J. Burton, Jr.</u>*
Joseph J. Burton, Jr.
Georgia Bar No. 097875