IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ROSA MAE PRITCHETT,<br><br>Plaintiff,<br><br>v.<br><br>PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE,<br><br>Defendant. | ) | CIVIL ACTION FILE NO.:<br>3:15-cv-197-TCB-RGV |

**DEFENDANT PAUL MASON AND ASSOCIATES, INC. d/b/a CREDITORS BANKRUPTCY SERVICE'S RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Paul Mason and Associates, Inc. d/b/a Creditors Bankruptcy Service, pursuant to Local Rule 56.1B(3) hereby responds to Plaintiff's Statement of Additional Facts included as part of plaintiff's Response to Movant's Statement of Material Facts in Support of its Motion for Summary Judgment [Doc. No. 35] as follows:

1.

CBS admits that paragraph no. 1 of plaintiff's complaint and page 11 of plaintiff's deposition support this statement. Pursuant to Local Rule 56.1B(3)(b) N.D. Ga., CBS states that its Amended Answer, paragraph 1, does not support this statement. Paragraph 1 of CBS's Amended Answer states: "This Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1 of plaintiff's complaint and can neither admit nor deny same."

2.

CBS objects to statement no. 2 in that it is a compound statement in violation of Local Rule 56.1B(2)(a)(1). Further, pursuant to Local Rule 56.1B(3)(b) N.D.Ga., CBS responds by indicating plaintiff has failed to cite to evidence to support the first sentence of statement no. 2. Should the Court deem the citation sufficient, CBS further responds to the first sentence of statement no. 2, without waiving the foregoing objections, by, pursuant to Local Rule 56.1B(3)(b) N.D. Ga., stating that CBS's Amended Answer, paragraph 10, does not support this statement. Paragraph no. 10 of CBS's Amended Answer states: "This Defendant admits that it does business in Georgia. Except as specifically admitted herein, paragraph no. 10 of plaintiff's complaint is denied."

Responding to the second sentence of statement no. 2, CBS admits that the language stated appears on its website.

3.

Defendant states that statement no. 3 is fully encompassed in CBS's statement no. 15 and as such is redundant here. To the extent inconsistent with CBS statement

no. 15, statement no. 3 is objected to pursuant to Local Rule 56.1B(3)(b).

4.

Pursuant to Local Rule 56.1B(3)(b) N.D. Ga., CBS objects stating that page 66 of plaintiff's deposition transcript does not contain any testimony supportive of statement no. 4. CBS further objects, pursuant to Local Rule 56.1B(3)(c) N.D. Ga. in that plaintiff has not complied with the requirement of Local Rule 56.1B(1) in citing to pleadings and not evidence (paragraph no. 23 of plaintiff's complaint and CBS's answer). Pursuant to Local Rule 56.1B(3)(b) N.D. Ga., CBS states that its Amended Answer, paragraph 23, does not support this statement even if it could be considered evidence. Paragraph no. 23 of CBS's Amended Answer states: "Responding to paragraph no. 23 of plaintiff's complaint, this Defendant admits that it filed a proof of claim on behalf of Defendant Seventh and further admits that it withdrew said proof of claim. Except as specifically admitted herein, paragraph no. 23 of plaintiff's complaint is denied."

5.

CBS objects to statement no. 5 in that it is a compound statement containing three distinct sentences in violation of Local Rule 56.1B(1) N.D. Ga. CBS further responds by indicating plaintiff has failed to comply with Local Rule 56.1B(1) N.D.Ga., in failing to cite to evidence to support the first sentence of statement no.

5. CBS concedes that the Court may properly consider the second and third sentences of statement no. 5 if deemed appropriate.

6.

CBS concedes that the Court may properly consider statement no. 6.

7.

CBS object to statement no. 7 in that it is a compound statement containing three distinct sentences in violation of Local Rule 56.1B(1) N.D. Ga. CBS further responds pursuant to Local Rule 56.1B(3)(c) N.D. Ga. by indicating plaintiff has failed to comply with Local Rule 56.1B(1) N.D. Ga. in failing to cite to evidence to support the first sentence of statement no. 7. Moreover, pursuant to Local Rule 56.1B(3)(b) N.D. Ga., CBS states that the deposition testimony cited as supportive for the second and third sentences of statement no. 7 is taken out of context with key introductory and conclusory phrases omitted. Plaintiff, without coaxing, admitted that her frustration was with a third party, not CBS. (Deposition of Rosa Mae Pritchett ("Pritchett dep.") p. 102.) Plaintiff's "humiliation" was private. (Pritchett dep. p. 102) Plaintiff was asked specifically what her actual damages were and this was the response:

Q. What I'm asking you is: What are your actual damages?

A. Well, we thought that it was solved and then now I'm having to – well, it's just – I just got real angry when we thought it was

> over with.
>
> Then we had to go back and do this with our mortgage, and then this come up again. And it's just – it's just agitating. I mean, you know. I just – right now I just can't deal with it.

(Pritchett dep. p. 101). Plaintiff was never denied credit, did not miss any work, incurred no medical expenses, and has suffered no mental health damages. (Pritchett dep. pp. 102-104.) While plaintiff deposed that she got angry and mad, she did not depose that she had actual damages therefrom. As such, this statement is a misrepresentation of deposition testimony.

8.

CBS objects to statement no. 8 in that it is a compound statement in violation of Local Rule 56.1B(1) N.D. Ga. Further, pursuant to Local Rule 56.1B(3)(c)) N.D. Ga., CBS responds by indicating plaintiff has failed to comply with Local Rule 56.1B(1) N.D.Ga., in failing to cite to evidence to support either sentence of statement no. 8. Lastly, CBS objects to statement no. 8 pursuant to Local Rule 56.1B(3)(c) N.D. Ga. in that it is not relevant as the statute of limitations is not at issue as it has not been properly raised by plaintiff. Moreover, statement no. 8 states a legal conclusion in violation of Local Rule 56.1B(1) N.D.Ga. CBS addresses the legal argument raised more fully in its *Reply in Support of CBS's Motion for Summary Judgment and/or to Dismiss and in Opposition to Plaintiff's Response*

filed contemporaneously herewith.

9.

Pursuant to Local Rule 56.1B(3)(c) N.D. Ga., CBS responds by indicating plaintiff has failed to comply with Local Rule 56.1B(1) N.D.Ga., in failing to cite to evidence to support statement no. 9 as plaintiff cites only to her own pleading. Moreover, statement no. 9 raises a material issue of knowledge that is not supported by plaintiff's citation.

10.

CBS objects to statement no. 10 in that it is a compound statement consisting of three unique sentences in violation of Local Rule 56.1B(1) N.D. Ga. Further, pursuant to Local Rule 56.1B(3)(b) N.D. Ga., CBS indicates that statement no. 10 is not supported by the evidence cited. In addition, pursuant to Local Rule 56.1B(3)(c) N.D. Ga., CBS states that statement no. 10 makes a legal conclusion in violation of Local Rule 56.1B(1) N.D. Ga. CBS addresses the legal argument raised more fully in its *Reply in Support of CBS's Motion for Summary Judgment and/or to Dismiss and in Opposition to Plaintiff's Response* filed contemporaneously herewith.

11.

CBS objects to statement no. 11 in that it is a compound statement consisting of two unique sentences in violation of Local Rule 56.1B(1) N.D. Ga. Further,

pursuant to Local Rule 56.1B(3)(b) N.D. Ga., CBS responds by indicating plaintiff has failed to comply with Local Rule 56.1B(1) N.D.Ga., in failing to cite to evidence to support either sentence of statement no. 11. Plaintiff cites only to her own pleading. Should the Court deem the citation sufficient, CBS further responds to statement no. 11, without waiving the foregoing objections, pursuant to Local Rule 56.1B(3)(b) N.D. Ga., by indicating that statement no. 11 is not supported by the evidence cited.

Respectfully submitted this the 26th day of August, 2016.

*/s/ David W. Gordon*
Joseph J. Burton, Jr.
Georgia Bar No. 097875
David W. Gordon
Georgia Bar No. 726483

MOZLEY, FINLAYSON & LOGGINS LLP
5605 Glenridge Drive, NE, Suite 900
Atlanta, GA 30342-1386
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jburton@mfllaw.com
dgordon@mfllaw.com
*Attorneys for Defendant Paul Mason and Associates, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ROSA MAE PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 3:15-cv-197-TCB-RGV |
| PAUL MASON AND | ) | |
| ASSOCIATES, INC. d/b/a CREDITORS | ) | |
| BANKRUPTCY SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this date I served the foregoing pleading on all parties of record in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Matthew T. Berry, Esq.
Paul J. Sieg, Esq.
BERRY & ASSOCIATES
2751 Buford Highway
Suite 600
Atlanta, Geogia 30324

Pursuant to Local Rule 5.1 N.D. Ga., the foregoing pleading is prepared in Times New Roman, 14 point.

This the 26th day of August, 2016.

*/s/ David W. Gordon*
David W. Gordon
Georgia Bar No. 097875

MOZLEY, FINLAYSON & LOGGINS LLP
5605 Glenridge Drive, NE, Suite 900
Atlanta, GA 30342-1386
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jburton@mfllaw.com
dgordon@mfllaw.com